# Birmingham Railway & Electric Co. v. Butler.

*Action by Passenger against Railroad Company to recover Damages for Personal Injuries.*

1. *Action against railroad company for negligence; sufficiency of complaint.*—In an action against a railroad company by a passenger to recover damages for personal injuries, a count of the complaint which, after averring what constituted wanton or intentional misconduct on the part of the defendant's servants or employees, alleges that the act complained of was done "with knowledge or notice," on the part of the servant or employee, fails to state a cause of action and is insufficient; the averment that the alleged wanton or intentional misconduct was done with knowledge or notice on the part of the servant or employee, embracing two different causes of action and affirming neither.

2. *Same; same.*—In an action by a passenger against a railroad company to recover damages for personal injuries alleged to have been sustained by reason of a collision between two cars on the defendant's road, the averment in a count of the complaint that the defendant's servants or employees intentionally caused or allowed another of the cars operated by the defendant's road "to appear to be in imminent danger of colliding with said car, upon which the plaintiff was riding as a

passenger," and "as the proximate consequence of said negligence plaintiff was caused to jump, fall off or be thrown from said car on which she was being carried as a passenger," and suffered injuries complained of, is insufficient and subject to demurrer, in that it fails to aver that the appearance of conditions as to a collision were such as to impress a reasonably prudent person of the actual existence of peril, and such as to cause a reasonably prudent person to jump from said car, in order to save herself from injury.

3. *Witness; examination of expert.*—In the examination of a witness as an expert, in the statement of a hypothetical case calling for his expert opinion, there should be contained only such facts as are shown in evidence and necessary to the confirmaton of an opinion; and in propounding such hypothetical case, it is improper to include statements of matters altogether unnecessary to the forming of the opinion.

4. *Action against a railroad company by passenger; sufficiency of evidence.*—Is an action against a railroad company by a passenger to recover damages for personal injuries sustained by reason of a collision or threatened collision between two cars on the defendant's road, whereby the defendant was thrown from the car to the ground, if the imminent danger and peril from collision of the cars existed in fact, or if the appearance of such imminent danger was such as to reasonably impress an ordinarily prudent person of its presence, the defendant would be liable for the negligence complained of, whether the plaintiff was pulled off the car by another person, or whether after she had fallen or been pulled off, another passenger jumped or fell upon her; such acts resulting in the efforts to escape from danger.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. A. A. COLEMAN.

This was an action brought by the appellee, Katie Butler, by her next friend, against the Birmingham Railway & Electric Company, in which the plaintiff sought to recover ten thousand dollars damages for personal injuries alleged to have been caused the plaintiff by reason of the negligence of the defendant. The complaint contained two counts. The first count was in words and figures as follows: "Plaintiff claims of defendant ten thousand dollars, as damages, for that heretofore, to-wit, on the 12th day of June, 1899, defendant

[Birmingham Railway & Electric Co. v. Butler.]

was a common carrier of passengers by means of cars operated by electricity over and along a railway running from East Lake to and by Avondale to Birmingham, in Jefferson county, Alabama. That on said day plaintiff was a passenger on one of said cars and was being carried by defendant as such passenger along said railway in said car when defendant on said day negligently caused or allowed another of said cars to collide with said car upon which plaintiff was as aforesaid, or to appear to be in imminent danger of collision with said car, and to threaten the life, limb or safety of the passengers on said car upon which plaintiff was as aforesaid, and as a proximate consequence of said negligence plaintiff was caused to jump, fall or be thrown from said car, upon which she was being carried as a passenger as aforesaid, and to be bruised, cut, shocked and otherwise personally injured, and her health and physical strength to be greatly impaired, and to suffer great mental and physical pain, and to be confined to her bed a long time, to-wit, for four weeks, and to be rendered unable to work and earn money, and her health and strength to be permanently injured."

The second count sought to recover for that the defendant negligently or wantonly or intentionally caused said car to collide, or recklessly or wantonly or intentionally caused said car or train to be in imminent danger of collision. The averment of negligence in said count was as follows: "Defendant's servant or agent in charge or control of one of said cars recklessly and wantonly or intentionally caused said car to collide with the car upon which plaintiff was being carried as a passenger as aforesaid, or recklessly and wantonly or intentionally caused said car, of which he, said servant, was in charge or control as aforesaid, to be or appear to be in imminent danger of collision with said car upon which plaintiff was as aforesaid, with knowledge or notice that passengers were upon said car upon which plaintiff was as aforesaid, and that said collision, or real or apparent imminency of collision, would be highly dangerous to the life, limb or safety of said passengers."

[Birmingham Railway & Electric Co. v. Butler.]

The defendant demurred to the first count of the complaint upon the following grounds: 1. That the count is too vague, indefinite and uncertain in its averments as to what caused plaintiff to leave the car. 2. That the averment that plaintiff was caused to jump from the car is not equivalent to an averment as a proximate consequence of the facts alleged in the count. 3. That the averment that plaintiff was caused to jump does not show that she jumped because there was immediate danger of a collision, such as threatened the life, liberty or safety of one in the exercise of reasonable diligence under the circumstances and facts stated in the complaint. This demurrer was overruled, and to this ruling the defendant duly excepted.

On the trial of the case the testimony introduced on behalf of the plaintiff tended to show that on June 12, 1899, the plaintiff was a passenger on one of the cars operated by the defendant, going from East Lake, a suburb of the city of Birmingham, to Birmingham; that on the night of that day there was an entertainment of some kind at East Lake and the plaintiff and others were returning therefrom; that the train upon which the plaintiff was at the time of the accident consisted of a motor car and a trailer and both of said cars were somewhat crowded with passengers; that following the train on which the plaintiff was there was another train made up of like cars also going from East Lake to the city of Birmingham; that when the train on which the plaintiff was riding arrived at Avondale, a station on the defendant's road between East Lake and Birmingham, the train stopped and was just starting from said station when the train following it came up and collided with the train on which the plaintiff was riding; that this occurred between 10 and 11 o'clock at night; that the alarm was given of the approach of the second train and that in consequence of the alarm the plaintiff had gotten up from her seat, and while in that position the collision occurred, and as the result thereof she was knocked off the car to the ground. There was also some evidence that some other passengers fell on her.

The testimony introduced on behalf of the defendant tended to show that while the cars did collide, the collision was not of such force as would knock a person from the car to the ground.

The plaintiff introduced Dr. H. C. Jernigan, who having testified that he had been a practicing physician since 1855, and had the day before examined the leg and knee of the plaintiff, which were alleged to have been injured by reason of the collision complained of, was asked the following question: "Suppose, Dr., that a young girl about seventeen years should have been riding upon an electric car and that observing that a collision was about to take place by another car running into that one, she should in the excitement stand up preparatory to jumping off, but before jumping off, the cars came together and threw her to the ground, and that at least one person, in jumping or falling from the car, should have fallen upon her, and she should from that injury have been picked up in an unconscious condition and carried home, where she was confined to her bed practically for a month, and where she was made to wear, by a competent surgeon, bandages, where the wound was of sufficient extent to cause her to wear bandages about the knee joint for seven months, and suppose that all during those seven months that she should suffer pain in this knee and leg and atrophy should set in, and that should have been as far back as a year ago last June, nothing having been the matter with that leg before, and that at this date you should examine that person and find conditions to exist which you found in her would you or not say that the injury which was sustained would be a permanent injury or not?" The defendant objected to this question on the ground that it is a hypothetical question not based upon the evidence, or a hypothetical case not shown by the evidence, and because there are portions of the question put to the witness that show they have no connection at all with any opinion that he might express, and because it is an invasion of the province of the jury by asking the witness's opinion about a matter that they,

[Birmingham Railway & Electric Co. v. Butler.]

the jury, alone should decide. The court overruled the objection, and to this ruling the defendant excepted. The witness answered that he would say that it was a permanent injury. The other facts of the case pertaining to the rulings of the court reviewed on the present appeal are sufficiently shown in the opinion.

Among the other charges requested by the defendant, to the refusal to give each of which the defendant separately excepted, was the following: "If the jury believe the evidence, you can not find for the plaintiff under the second count of the complaint."

There were verdict and judgment for the plaintiff assessing her damages at $4,500.83. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & PORTER, for appellant.—There was no willful or wanton negligence shown, and the defendant was entitled to the general affirmative charge as to the second count.—*Louisville and Nashville Railroad Company v. Anchors,* 114 Ala. 492; *Highland Ave. & Belt Railroad Company v. Robinson,* 125 Ala. 483; *Georgia Pacific Railroad Company v. Lee,* 92 Ala. 262; *Stringer v. Alabama Mineral Railroad Company,* 99 Ala. 397; *Alabama Great Southern Railroad Company v. Burgess,* 119 Ala. 555; *Highland Avenue and Belt Railroad Company v. Swope,* 115 Ala. 287; *Chambliss v. Mary Lee Coal and Railroad Company,* 104 Ala. 655; *Birmingham Railway and Electric Company v. Bowers,* 110 Ala. 238; *Alabama Great Southern Railroad Company v. Hall,* 105 Ala. 599.

BOWMAN & HARSH and F. D. NABORS, *contra.*—The hypothetical question propounded to Dr. Jernigan was properly allowed. All the facts stated in the hypothesis having occurred in connection with the injury, it was proper, though it might not be considered necessary, to state them all.—*Morrisette v. Wood,* 123 Ala. 384; *K. C., M. & B. R. R. Co. v. Webb,* 97 Ala. 157.

The evidence abundantly sustains an award of punitive damages.—*A. G. S. R. R. Co. v. Hill,* 93 Ala. 516;

*R. & D. R. R. Co. v. Vance,* 93 Ala. 144; *R. & D. R. R. Co. v. Greenwood,* 99 Ala. 502.

DOWDELL, J.—The complaint contained two counts; the first charging simple negligence, the second being intended for a count on wanton or intentional wrong. In this latter count in averring what constituted the wanton or intentional misconduct of the defendant's agent, it is alleged that the act complained of, was done with *knowledge* or *notice,* etc., on the part of the agent. In *Southern R'y Co. v. Bunt,* 131 Ala. 591, 32 So. Rep. 507, we held that notice was not the equivalent of knowledge in the charge of wanton misconduct, and that an averment in the disjunctive, of *knowledge* or *notice,* affirmed neither, and for that reason the count failed to state a cause of action. Under the decision in that case, the defendant was entitled to the affirmative charge requested as to the second count, and the circuit court erred in its refusal.

A demurrer was interposed to the first count, which was overruled by the court, and that ruling is here assigned as error. This count contained alternative averments as to negligence; one being that the defendant's agent "negligently caused or allowed another of said cars to collide with said car upon which plaintiff was as aforesaid;" and the other being, that the defendant's agent negligently caused or allowed another of said cars "to appear to be in imminent danger of colliding with said car," etc. The remainder of the count, as to the averments of the result of the negligence follows both of these alternatives, and these averments are referable to either of the preceding alternative allegations, and evidently were so intended by the pleader. The contention of the appellant is, that the count is bad for a failure of averment in the second alternative, that the appearance of conditions was such as to impress a reasonably prudent person of the actual existence of peril, and such as to cause, or justify, such person to jump, or in jumping, from the car. Or in other words, to constitute a good cause of action under the latter

alternative averment, it should appear from the allegations, first, that the appearance of imminent danger was such as to convince a reasonable person of the imminence of such danger, and second, that as the result of such appearance, the plaintiff, in order to save herself, jumped from said car, as any reasonable person might have done under such circumstances, and that thereby she was injured. It must be observed that the averment is not, that there was imminent danger, but that there was merely an appearance of imminent danger. The averment is open to the construction that the danger appeared imminent to the plaintiff, and proof that it did so appear, would be sufficient to authorize a verdict in her favor on this issue, whether it would have so appeared to a reasonable person or not. This cannot be the law. We think the contention of appellant sound, and that the trial court erred in overruling the demurrer to this count.

The witness, Dr. Jernigan, was shown to be an expert, and the facts embraced in the hypothetical case stated to him were supported by the evidence, but the question put to him went further than was necessary in giving a predicate, calling for his opinion as to the extent and probable effect of the injury to the plaintiff. The question included statements of matters altogether unnecessary to the forming of an opinion. This was improper. An hypothetical case calling for an expert opinion, should contain only such facts as are shown in evidence, and necessary to the forming of an opinion. Moreover, this witness had made a careful examination of the plaintiff and the injury inflicted on her, and was as well prepared from his personal knowledge of the facts to give his expert opinion, without the hypothetical case stated in the question, as with it.

There was evidence tending to show that the plaintiff was pulled off of the car by the gentleman accompanying her, and also evidence tending to show that another passenger, after she had fallen or been pulled off, jumped or fell upon her. In either event, if the imminent danger and peril from collision of the cars existed in fact, or if the appearance of such imminent danger

was such as to reasonably impress an ordinarily prudent person of its presence, and the acts above stated followed in efforts of escape or safety, the question of defendant's liability in law would be the same. In either case, the negligent act of the defendant would be the proximate cause.

There are other questions raised by the assignments, some of which are insisted upon in argument, and some are not. Of those insisted on, they are sufficiently, we think, covered by what we have said for the purposes of another trial.

For the errors pointed out, the judgment of the circuit court is reversed and the cause remanded.