# Long Distance Telephone & Telegraph Co. *v.* Schmidt, *et al.*

## Condemnation Proceeding.

(Decided Nov. 24, 1908.  47 South. 731.)

1. *Eminent Domain; Compensation; Measure.*—Where land is condemned for a right of way the measure of damages recoverable by the land owner is the value of the land when taken and the injury or dimunition in value caused to the remaining contiguous land.

2. *Same; Damages; Evidence.*—In condemnation proceedings evidence as to the value of trees destroyed in the construction of the utility is admissible for the consideration of the jury in determining

the injury to or dimunition in value of the land; but the value of the trees cannot be awarded to the owner as a distinct and independent injury to the land.

3. *Same; Proceedings to Assess Condemnation; Instructions.*—A charge asserting that where a telephone company, in the exercise of its right under the law, had placed poles within the margin of the public road, the abutting land owners are entitled to nothing more than nominal damages, is erroneous, since it ignores all right of the land owners to compensation for a right of way outside of the ground actually occupied by the poles.

4. *Same.*—A charge asserting that the telephone company, in the exercise of its right under the law to place its pole within the margin of the public road, has the right to cut all growing timber within the margin of the road without liability to abutting owner, and that he is merely entitled to the wood when felled, is misleading, as the matter for the determination of the jury is damages to which the landowner is entitled by reason of the construction of the line, and the taking of the right of way, and not its liability for cutting timber.

5. *Trial; Instructions Limiting the Effect of Evidence.*—A party conceiving that the jury may give the testimony introduced a consideration broader than its legitimate scope is under the duty or requesting proper instructions limiting the effect of the evidence.

6. *Evidence; Competency; Value of Property.*—It is competent to show that land across which a right of way is taken is adapted to and used for farming and other purposes, to show its value, etc.

7. *Same; Opinion Evidence; Hypothetical Question; Form and Sufficiency.*—While a hypothetical question should not contain matter that the evidence does not support, technical accuracy is not required; and an objection thereto, based on the fact that it contained matter not supported by the evidence, should be definite and specific to avail on appeal.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Condemnation proceedings by the Long Distance Telephone Company against Max Schmidt and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Most of the facts are stated in the opinion of the court. Assignments of error 17 and 19 are as follows: "The court erred in overruling appellant's motion to exclude the statement of the witness Richard that before the telephone line was built the appellee Cofer's land was worth $20 per acre, and after the line was built it was worth $2 less per acre." (19) The court erred in overruling appellant's objection to the following question

propounded to the witness Crutchfield:  'Taking into
consideration that trees were cut from it, how much less
per acre would this land be worth after the line was
built?' "   The objection urged in the court below to as-
signment 17 was that it was shown by the testimony of
this witness that the land was just as valuable after the
line was built for the uses it was put to as before, and
the testimony of the witness showed that he bases his
opinion on probable results or future uses.   The   ob-
jection urged in the court below to assignment 19 was
that the question was incompetent, illegal, and leading.
Assignment 25 is as follows:  "The court erred in over-
ruling appellant's objection to the following question
propounded to the witness Gengler:  'What was the
value of this land per acre after the line was built, tak-
ing into consideration the strip of land 15 feet wide as
condemned across the front of this 80-acre tract and the
cutting of the timber?' "   The objection urged in the
court below was because it was incompetent, illegal, and
because as to the right plaintiff seeks to condemn "this
hypothetical question is not sustained by the pleadings
or evidence and because the application shows that
plaintiff seeks to condemn" only an easement, and not
a fee.   The following charges were refused to the plain-
tiff:  "(3) Gentlemen of the jury, if the telephone poles
are placed along and within the margin of the public
road, then the plaintiff had a legal right to place them
there, and defendants under the law are entitled to
nothing more than nominal damages, such as six cents
or some inconsiderable sum."   "(5) I charge you that
under the law the plaintiff had a right to place its poles
along and within the margin of the public road and
string its wires thereon, and in the exercise of this
right it also had the right to cut and fell all growing
timber along and within the margin of the public road

without liability to the abutting owner for such cutting, the abutting owner being merely entitled to the wood when felled."

BROWN & KYLE, for appellant. This is ad quad damnum proceedings under chapter 42 of the Code as amended by Acts 1903, page 374. The effect of this appeal is to bring the entire case as to the appellees Schmidt and Cofer into this court.—*Cofer v. Rhenschmidt,* 121 Ala. 254. The measure of damages in such case is fixed, and the court should have limited the evidence to the value of the land taken and the difference in the value of that which remained, before the construction of the telephone line, and its value after the construction of the line.— *M. & O. R. R. Co. v. Postal Tel. Co.,* 120 Ala.21; *Hooper v. S. & N. R. R. Co.,* 69 Ala. 529; *Jones v. N. O. & S. R. R. Co.,* 70 Ala. 227; *M. J. & K. C. R. R. Co. v. Riley,* 119 Ala. 260; *Maddox's Case,* 89 Ala. 181; *T. & S. L. L. R. R. Co. v. Matthews,* 60 Tex. 215. The evidence predicated upon the possible and probable uses to which the land might have been put in the future should have been excluded.—*M. & O. R. R. Co. v. Postal P. T. & C. Co. supra; Little Rock J. R. R. Co. v. Woodruff,* 4 Am. St. Rep. 51; *Bensley v. M. L. W. Co.,* 73 Am. Dec. 575.

The court erred in permitting the hypothetical question.—2 Elliott on Evi. sec. 1120. Charge 3 should have been given.—*Hobbs v. L. D. T. Co.,* 41 South. 1004. Charge 4 should have been given, Sec. 2490, Code 1896. Charge 5 should have been given.—*Southern B. T. Co. v. Francis,* 109 Ala. 224.

S. J. GRIFFIN, JOHN C. ESYER, and W. T. L. COFER, for appellee. No brief came to the Reporter.

TYSON, C. J.—This proceeding was instituted by the appellant to condemn for its use as a telephone and

telegraph company a right of way over the lands of the appellees. The questions presented arise upon exceptions reserved upon the trial relating to the amount of damages and compensation which the appellees, as landowners, are entitled to receive by reason of the construction of appellant's line, and the taking of the right of way sought to be condemned.

Against appellant's objection, the respondents were permitted to prove the value of the trees cut and destroyed by it in the construction of its line. It is conceded that the appellees, as landowners, had the right to show that the land was taken, that timber was cut, and its character, or any other element of injury done to the lands; but it is insisted that it was not competent to show the value of the trees cut and destroyed. The measure of damages in this class of cases is the value of the land when taken—before any injury thereto resulting from the construction of the line—and the injury or diminution in value caused to the remaining and contiguous lands.—*M. & O. R. R. Co. v. Hester,* 122 Ala. 249, 25 South. 220, and cases cited. In arriving at the difference in the value of the land before and after the taking, it seems clear to us that the value of the growing trees cut or destroyed may well and properly go to the jury, to be considered by them. It is true the value of the trees should not be awarded to the landowner as a district and independent injury to the lands, but for the purpose of shedding light upon the amount of injury done them by the construction the value of the trees may be shown.—*M. & O. R. R. Co. v. Hester,* supra. As said in *Perdue v. Brooks,* 85 Ala. 462, 5 South. 126: "The value of the timber destroyed is not necessarily equivalent to the depreciated value of the land, but may be regarded in the inquiry as to the extent of its diminution in value.—*Clark v. Zeigler,* 79 Ala. 346." The testi-

mony being admissible for this purpose, the court correctly admitted it in evidence. If appellant perceived that the jury might be misled, to its prejudice, by giving to this testimony a consideration broader than its legitimate scope, it should have had its effect limited by proper instruction.

Assignments Nos. 4, 5, 6, 12, 16, and 29 are insisted upon jointly. The insistence relied on in support of them is that the testimony which the court refused to exclude, and upon which ruling they are predicated, showed the possible or probable uses to which the land might be put in the future. We do not find this to be true. For examples, take assignment No. 4: The question asked witness was, "What was the land in that community adapted to?" And this elicited the answer: "It is adapted for (to) farming," etc. Again, assignment No. 5 is predicated upon an objection to this question: "What is the land in that neighborhood used for?" The answer to this question was that it is used "for farming and residence property." Just how the value of land is to be ascertained without an inquiry into its adaptability to certain purposes or its fitness for certain uses we are unable to see. There is clearly no merit in the insistence.

We do not find that the objection here urged against the admissibility of the testimony, made the predicate for assignments Nos. 17 and 19, was interposed in the court below. The objections there interposed were clearly properly overruled.

It is urged in support of assignment No. 25 that the court erred in permitting the hypothetical question to be asked the witness Gengles against appellant's objection, for the reason that the question assumed that the strip of land sought to be condemned was not of the width stated in the question. It is true that a hypotheti-

cal question should not contain matter which the evidence does not tend to support, but technical accuracy is not required as· to this.—*Parrish·· v. State,* 139 Ala. 43, 36 South. 1012. But we apprehend that, in order for the appellant·to avail itself of the exception based upon the overruling of·its objection, it was necessary to point out definitely and specifically the vice in the question. The general objection that was interposed will not suffice for this. 8 Ency. Pl. & Pr. 223 et. seq.; 2 Eliott on Ev. § 882 et seq.

Charge 3, refused to appellant, ignored all right of the appellees to compensation for the right of way outside of the ground actually occupied by the poles erected by it upon which its wires were strung. For this reason, if for no other, it was properly refused.

Charge 5 was also properly refused, as having a tendency to mislead the jury. The matter for their consideration and determination was not the appellant's liability for cutting and felling growing timber, but it was the amount of compensation and damages to which the appellees were entitled by reason of the construction of its line and the taking of the right of way sought to be condemned.

We have considered every question insisted upon for a reversal, and, finding no error, the judgment must be affirmed.

Affirmed.

SIMPSON. ANDERSON, and DENSON, JJ., concur.