# Ritter *et al. v.* Hoy *et al.*

## *Garnishment.*

(Decided Nov. 16, 1911, rehearing denied Dec. 14, 1911. 56 South. 814.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where evidence is subsequently admitted its former exclusion is rendered harmless.

2. *Same; Instructions.*—Where the action was on a garnishment bond and the evidence as .to actual damages was confined to the tying up of the money by the service of the writ, and the effect it had on plaintiff's credit, a charge authorizing such actual damages as was sustained, which would be the interest on the money for the length of time it was tied up, and such damages as resulted to plaintiff's credit, was· harmless to the plaintiff.

3. *Same; Right to Allege.*—A party cannot complain of the action ·of the court in overruling an objection to the admission of evidence interposed by the adverse party.

4. *Same; Questions Reviewable; Exceptions.*—Where no exception is reserved to a ruling on a motion to exclude evidence, such ruling is not reviewable on appeal.

5. *Evidence; Opinion; Conclusion.*—Where the action is on a garnishment bond in aid of action on a note, a question seeking to ·elicit the mere opinion or conclusion of a witness as to the amount due on the note, at the time of suing out the garnishment are prop·erly excluded.

6. *Damages; Assessment; Evidence.*—Where the action is for actual damages which are uncertain, or have not been admitted, the burden of establishing the amount thereof by evidence is on the plaintiff.

7. *Garnishment; Action on Bond; Evidence.*—In an action on a garnishment bond the question whether one of the plaintiffs had been sued on a debt prior to the action on the bond was properly excluded as not affecting his credit, and hence not constituting an element of damage.

8. *Same; Damages; Jury Question.*—Where plaintiff in garnishment had writ served upon two banks, and the defendant gave bond as authorized by the statute and thereby had dissolution of garnishment on the day of the issuance and service of the writ, the question whether the issuance and service of the writ entailed on the defendant in the garnishment action any actual damages susceptible of ascertainment was one for the jury.

9. *Same Punitive Damages.*—Punitive damages cannot be assessed, where the garnishment was not sued out maliciously or vexatiously.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by C. D. Ritter and another against F. L. Hoy and others on a garnishment bond. From a judgment for defendants, plaintiffs appeal. Affirmed.

The court sustained defendant's objection to the following question propounded by plaintiff to its witness Ritter: "State whether or not, at the time of the suing out of the garnishment in this case, you were a practicing attorney in Birmingham. I will ask you to state whether or not your co-plaintiff, Tribble, had been sued for debt prior to this action. What bank had you done business with up to the time of this action?" The fourth assignment of error is as follows: "The court erred in overruling plaintiff's objection to the following question propounded to the plaintiff Ritter by the defendant: Mr. Hoy was trying to collect this note, wasn't he?" The following questions were propounded to the witness Jaffe, objections to which were interposed by the defendants and sustained by the court: "I will ask you to state whether or not, prior to the 26th day of January, 1910, Ritter had any credit at your place. Did not Ritter have a good credit in Birmingham?"

The charges referred to were as follows: "If you believe the evidence in this case, you must find a verdict

[Ritter et al v. Hoy et al.]

for the defendant for actual damages, although after
a consideration of all the evidence you are not thorough-
ly satisfied that the plaintiffs are entitled to punitive
or vindicative damages.   (2)  The court· charges the
jury that the garnishment was wrongfully sued out, un-
less it was actually necessary in order to obtain satis-
faction of Hoy's debt when judgment would have been
obtained on said debt.   If the evidence reasonably sat-
isfies the jury that the garnishment was not necessary
in order to obtain satisfaction of such judgment, they
should find a verdict for the plaintiff for the   actual
damages done by the suing out of the garnishment, in-
cluding any loss that the evidence may show the plain-
tiffs have sustained to their credit by the suing out of
said garnishment; but the verdict should not exceed
the amount of the bond sued on.   The fact, if it was a
fact, that the said Hoy honestly believed that a garnish-
ment was necessary to the collection of his debt, is no
defense to the plaintiff's right to recover such damages,
if in fact the garnishment was not necessary in order to
collect the debt.   (3)  The court charges.the jury that
if they find, from all the evidence,· that the defendant
Hoy sued out the writ of garnishment in this case for
the purpose of harassing or vexing the plaintiff, that
the jury may, at their discretion, award the plaintiffs
punitive or vindicative damages, in addition to actual
damages sustained by them.   (4)  The court charges the
jury that as a matter of law, the plaintiffs are not re-
quired to show the amount of actual damages, but this
is a question for the jury.   (5)  The court charges the
jury that under the law in a case like this plaintiffs are
not required to prove the amount of actual damages.
but it is sufficient if they show facts from which the
jury can by the exercise of their judgment infer actual
damages.   (6)  The court charges the jury that the

plaintiffs are not required to prove the amount of actual damages they have sustained, but that, if you find from all the evidence that plaintiffs are entitled to recover, then it is the duty of the jury to take into consideration all the facts and circumstances proved, and if from all those facts and circumstances the jury find plaintiffs have suffered actual damages on account of the wrongful suing out of the writ of garnishment, then the jury should consider such facts and circumstances proved, and assess such actual damages as they believe the plaintiffs have sustained by reason of the wrongful suing out of said garnishment."

The following charges were given at the instance of the defendant: "(2) Unless you believe that Hoy sued out the garnishment maliciously or vexatiously, you can not find punitive or exemplary damages. * * * (5) If you believe from the evidence in this case that C. D. Ritter and George Tribble were indebted to Hoy on January 26, 1910, and if you further believe from the evidence that said Hoy honestly believed that there was reasonable and probable cause for suing out the garnishment in question, then you can only find for the plaintiffs such actual damages as the evidence satisfied you they sustained. (6) If you believe that Hoy did not sue out the garnishment maliciously or vexatiously, you can only find for the plaintiffs such actual damages as they have shown you by the evidence that they have sustained, which would be interest on the money tied up, if you believe that any was tied up, for such length of time as it was tied up, and such damages, if any, to the plaintiff's credit."

GASTON & PETTUS and C. D. RITTER, for appellant.— The plaintiff should have been allowed to show that he had credit with the banks and others, and that he bore a

good reputation in town.—*Pollock v. Gantt,* 69 Ala. 373; *Mobile F. & C. Co. v. Little,* 108 Ala. 445. Under the evidence plaintiff was clearly entitled to the affirmative charge.—*Mobile F. & C. Co. v. Little, supra; Ala. State Land Co. v. Reed,* 99 Ala. 19. Vindictive damages may be recovered, where a garnishment is sued out maliciously or vexatiously, as was the case here.—*Floyd v. Hamilton,* 33 Ala. 235; *Hayes v. Anderson,* 57 Ala. 374. Counsel discuss other assignment of error, but without further citation of authority.

WALLACE T. WARD, for appellee. No brief reached the Reporter.

WALKER, P. J.—The plaintiffs (appellants here) could not have been prejudiced by the action of the court in sustaining objections to questions propounded to the plaintiff Ritter as to whether or not at the time of the suing out of the garnishment he was a practicing attorney in Birmingham, and as to what banks he had done business with up to that time, as the evidence sought to be elicited by each of those questions was subsequently admitted by the court.

There was no error in sustaining the objection of the defendant to the question to the plaintiff Ritter as to whether or not his coplaintiff, Tribble, had been sued for debt prior to this action. The matter called for could have had no bearing on any issue in this case. It is suggested in argument that the inquiry was pertinent on the question of credit. We do not think so. The mere fact of one's being sued on an alleged debt would have no legitimate tendency to prove that he owed such debt and was in default in its payment, and could not be regarded as a circumstance unfavorably affecting his credit. On the other hand, the fact that he had never

been sued for a debt would have no tendency to prove
that he had been indebted or that he enjoyed or was en-
titled to credit.

The bill of exceptions does not show that the plain-
tiffs interposed any objection to the question asked the
plaintiff Ritter as to Mr. Hoy's trying to collect the
note. The statement is that the defendants objected to
that question. The plaintiffs cannot complain of the
overruling of an objection made by the defendants.

The ruling of the court on the motion of the defend-
ants to exclude the answer of the witness Jaffe to the
question in regard to the general credit of the plaintiff
Ritter is not presented for review, as no exception was
reserved to that ruling.

The expressed purpose of the questions asked the de-
fendant Hoy on his cross-examination in reference to
the consideration of the note sued on in the garnishment
case was "to show that the amount for which the gar
nishment was run was greater than the sum actually
due at that time." Instead of undertaking to show this
by bringing out the facts, the questions asked in that
connection were calculated to elicit the mere opinions or
conclusions of the witness as to the amount then due.
There was no error in sustaining the objections to those
questions.

The bond sued on was given to secure the issuance of
process of garnishment in a pending suit against the
plaintiffs in this action, counting on a promissory note
alleged to have been executed by them. Two banks in
Birmingham were named as the garnishees. The de-
fendants in the suit gave bond, as authorized by the
statute, and thereby effected the dissolution of the gar-
nishments on the day of the issuance and service of the
writs. Under the evidence it was a question for the
jury whether or not the issuance and service of the writs

[Ritter et al v. Hoy et al.]

entailed upon the plaintiffs any actual damage which was appreciable and susceptible of ascertainment and assessment. In the circumstances developed by the evidence it was not for the court to say that such was the fact. This being true, it was justified in refusing to give written charges 1, 2, and 3, requested by the plaintiffs, as each of those charges involved the assumption that the plaintiffs sustained actual damages.

Where an action is for actual damages which are uncertain or have not been admitted, the burden of establishing the amount thereof by evidence is upon the plaintiff.—*Buist v. Guice,* 96 Ala. 255, 11 South. 280; *Hood v. Disston & Sons,* 90 Ala. 377, 7 South. 732; 13 Cyc. 192. The statement of this proposition discloses a fault in each of the plaintiffs' written charges numbered 4, 5, and 6, justifying the refusal of the court to give them.

It is suggested in argument that the court erred in giving written charges numbered 2, 5, and 6 requested by the defendants. Under the pleadings and evidence in the case, if it was found that the garnishment was not sued out maliciously or vexatiously, no basis was left for the assessment of punitive or exemplary damages. It follows that the plaintiffs could not have been prejudiced by the giving of charges 2 and 3 requested by the defendants. There was no evidence upon which to base an assessment of actual damages except that in reference to the tying up of money of the plaintiffs by the service of the writs and that bearing upon the effect upon the credit of the plaintiffs of the issuance and service of the writs. Such being the case, the giving of charge 6 did not constitute error prejudicial to the appellants.

What has been said disposes of all the assignments of error which are insisted on in argument.

Affirmed.