255 So.2d 26

**Audrey W. OTTS**

v.

**Billy L. GRAY et al.**

**6 Div. 692.**

Supreme Court of Alabama.

Sept. 23, 1971.

On Rehearing Nov. 18, 1971.

Turner & Turner, Tuscaloosa, for appellant.

Zeanah, Donald & Lee, Tuscaloosa, for appellee Rich V. Ellis.

Jones, McEachin, Ormond & Fulton, Tuscaloosa, for appellee General Motors Corp.

SIMPSON, Justice.

Essentially the facts involved in this case are as follows:

Appellant (plaintiff) Audrey Otts filed suit for personal injury sustained by her in an automobile accident on the 27th day of February, 1967, in Tuscaloosa County. There were three vehicles involved in the wreck, the plaintiff's Volkswagen, a Chevrolet truck driven by defendant Billy L. Gray and owned by defendant Thomas Swindle, and a Ford Comet owned and driven by Rich V. Ellis. It was raining on the day of the accident. The plaintiff and the defendant, Ellis, were both traveling north on U. S. Highway 43. The loaded cordwood truck driven by defendant Gray and owned by defendant Swindle was traveling south. As plaintiff's automobile was meeting the log truck, the left rear wheel came off the truck, crossing the highway in front of the plaintiff. Plaintiff applied her brakes and according to the plaintiff was struck from the rear by defendant Ellis as the cordwood from the log truck began falling on the plaintiff's Volkswagen. Plaintiff filed suit against the defendants Gray, Ellis, and Swindle, alleging that her injuries were the proximate result of their concurring negligence.

General Motors Corporation was brought into the suit by third-party complaints filed by defendants Gray and Swindle alleging that the plaintiff's injuries were the proximate result of the negligent manufacture of the log truck.

At the conclusion of the evidence the court granted the affirmative charge as to General Motors Corporation. The jury returned a verdict in favor of the plaintiff and against the defendant Swindle for $15,000. Following the denial of a motion for new trial this appeal was taken.

I.

It is first argued by the appellant that error was committed by the trial court with regard to the selection of the jury. The appellant demanded a jury trial in this case. She contends that the manner of apportioning the strikes was error. The record shows the following in this connection:

"(The jury panel was then duly qualified and the following transpired between the Court and attorneys for all parties, and out of the presence of the jury:)

"THE COURT: Let me put this in the record. The Court has made the decision that it will allow the parties to strike on the basis of: The Plaintiff will get one-third of the strikes, the original defendants will get one-third, and the third-party defendant will get one-third. You can alternate in that manner. I will take any exceptions.

\* \* \* \* \* \*

"MR. TURNER [Appellant's counsel]: We would like to except to your Honor's ruling that the Plaintiff gets one-third of the strikes.

"THE COURT: I would like to recognize that the Plaintiff gets ten. The original Defendants will get ten and the Third Party Defendant will get nine. The Defendant Ellis will strike first and will get four of the ten strikes."

It is the plaintiff-appellant's contention that the third-party defendant, General Motors Corporation, should have been treated as an original defendant in the matter of striking the jury so that she would have gotten one-half of the strikes and all original defendants and the third-party defendant would have shared one-half.

The court and all parties to this litigation without objection treated the manner

of jury selection as being controlled ·by Title 30, § 54, Code, which provides:

"§ 54. Struck jury.—In all civil actions triable by jury, either party may demand a struck jury, and must thereupon be furnished by the clerk with a list of twenty-four jurors in attendance upon the court, from which a jury must be ·obtained by the parties or their attorneys alternately striking one from the list until twelve are stricken off, the party demanding the jury commencing; provided, that in all judicial circuits having not more than three judges, * * * the court shall require to be ·'made two lists of all the jurors in attendance upon the court who are competent to try the case, and not engaged in the trial of some other case, which list shall in no event contain less than twenty-four jurors from which a jury must be obtained by the parties or their attorneys, alternately striking one from the list until only twelve remain on the list, the party demanding the jury commencing; * * *."

In construing the ·predecessor to this statute (Code of 1876, § 3018) this court has held that the right to a struck jury in a civil case is secured by statute,

"* * * to either party who demands it.—* * * In the purview of this statute, there are but two parties, the plaintiff and the defendant. The statute has made no express provision for cases where there are more plaintiffs, or more defendants, than one. Each litigating side is regarded as a suit [sic] [suitor], no matter now many persons may compose it. The right to have such jury being given by statute, the opposing party cannot defeat it, either by divided counsels, or by nonaction. The court may, if necessary, compel its observance, or punish its non-observance; * * *." Montgomery & Eufaula Railway Co. v. Thompson, 77 Ala. 448, 54 Am.Rep. 72.

In the quoted case the plaintiff had sued three corporate defendants, who had different defenses and the court held that the right of the plaintiff to a struck jury under our statute could not be defeated because more than one defendant was sued, and that it was proper to allow each defendant to strike in rotation, the plaintiff having the first strike, and the defendants collectively sharing alternate strikes.

The other method of selecting a jury is by the use of peremptory challenges. See § 53, Title 30, Code of Alabama, 1940. Again an early interpretation of this statute established that several defendants in a cause constitute but one party and are entitled to no more peremptory challenges than a single defendant. Bibb v. Reid & Hoyt, 3 Ala. 88.

Regardless of whether the selection of a jury is conducted under either of said sections, historically and traditionally the plaintiff has received one-half the challenges regardless of the number of defendants.

Alabama's Third-Party Practice Act (Title 7, § 259 [1–3], Code of Alabama, 1940, as amended) contains no language concerning how a jury is to be selected when the practice authorized under said act is involved. There is language in this act which indicates that a third-party defendant is to be treated as if that third-party defendant had originally been a party defendant. Section 259(2), supra, provides in pertinent part:

"* * * The original plaintiff in an action wherein a third-party complaint is filed and any third-party defendants brought into the initial action as herein provided may assert as against each other any claims and defenses which they would have if the third-party defendants were the original parties to the action."

Section 259(1) (b), supra, provided "Such additional parties shall make their defenses to any such cross-claim as if originally sued". Section 259(3), supra, provides that the Third-Party Practice Act shall be construed insofar· as practical in pari materia with other laws and rules of the court governing civil actions.

Certainly no language in the Third-Party Act can be construed to indicate that the legislature intended that there be a change in the methods of jury selection when a third-party defendant is made a party to a suit. There is language that indicates that parties brought in by a third-party complaint are to be treated as if they occupy the same position as if they were made parties originally to the cause.

This court is further persuaded that the long observed practice by which the plaintiff's side of a law suit shall receive one-half of the challenges should not be overturned in its application to the third-party practice because basically the primary interest and purpose of all defendants, regardless of whether they are original parties or added parties, is to defeat the claim of the plaintiff. While defendants may have adverse interests among themselves, no injury will result to any defendant if the plaintiff fails to recover in a suit where there are multiple defendants regardless of whether they are original defendants or third-party defendants.

In the case under review the plaintiff was erroneously denied equal challenges with the defendants collectively, and therefore this cause must be reversed.

## II.

■ The next argument made by appellant is that the trial court erred in its rulings on three questions propounded to witnesses. This argument concerns assignments of error. 2, 3, and 5 which are argued together.

Assignment of error 2 complains that the trial court erred in sustaining the objection of the third-party defendant, General Motors, to the following question propounded by the attorney for the appellant:

"Q. Assuming that those cracks were in there prior to February 27, 1967, what in your opinion would have caused those cracks to come in that brake drum?

"MR. ORMOND: We object.

"THE COURT: Is that the date of the accident?

"MR. TURNER: Yes, sir.

"MR. ORMOND: We object.

"THE COURT: I sustain it unless the doctor has an opinion as to whether they were in there prior to the accident or not."

The cases have repeatedly held that the sufficiency of the form and substance of a hypothetical question rests largely in the discretion of the trial court and will not be the basis for reversal in the absence of clear abuse of that discretion. Louis Pizitz Dry Goods Co. v. Cusimano, 206 Ala. 689, 91 So. 779; Brown v. Mobile Electric Co., 207 Ala. 61, 91 So. 802; Birmingham Ry. & Elec. Co. v. Butler, 135 Ala. 388, 33 So. 33; Long Distance T. & T. Co. v. Schmidt, 157 Ala. 391, 47 So. 731; Grasselli Chem. Co. v. Davis, 166 Ala. 471, 52 So. 35.

We cannot predicate error to reverse on the court's action with respect to the above hypothetical question. First, the court did not sustain the objection to the question outright, but merely conditioned it upon the expert's having an opinion as to whether the cracks were in the brake drum prior to the date specified in the question. If the expert had no opinion as to whether they were there or not, obviously he could not have had an opinion as to what caused them to come in the brake drum prior to that date.

■ Assignment of error 3 complains that the court erred in sustaining the objection of the third-party defendant, General Motors, to a question propounded to a witness by the original defendant Ellis.

Assignment of error 5 claims error by the court in overruling an objection made by original defendant Swindle to a question propounded to a witness by third-party defendant General Motors.

Whether error or not, this appellant cannot complain of action by the trial court in ruling on these objections when neither of the rulings complained of was adverse to appellant. He was neither the objector nor the questioner. Generally, only rulings adverse to the appellant are available on appeal. Ritter v. Hoy, 2 Ala.App. 358, 56 So. 814; Coastal States Life Insurance Co. v. Gass, 278 Ala. 656, 180 So.2d 255.

It follows that there is no error to reverse on this basis.

### III.

■ Plaintiff next complains that the court erred in granting the affirmative charge in favor of the third-party defendant General Motors Corporation. It should be remembered that General Motors was brought into the case by third-party complaints filed by original defendants, Gray and Swindle. These complaints as last amended allege negligence resulting in injury to plaintiff in the negligent manufacture of a wheel or portion of a wheel assembly, or a hub, or a lug or lug bolts, causing the same to disintegrate, thus causing the load of cordwood to fall from the truck (owned by one third-party plaintiff and driven by the other) to the injury of the original plaintiff. The third-party plaintiffs, Gray and Swindle, have not objected to the court action in granting the affirmative charge as to the third-party defendant. Third-party plaintiff Swindle originally appealed the judgment rendered against him but dismissed the appeal.

The question then is whether the action of the trial court in granting the affirmative charge against General Motors Corporation is available to the original plaintiff on appeal here, the third-party plaintiffs not complaining of the court's action in that regard.

A portion of Alabama's Third-Party Practice Act (§ 259[2], supra, of Title 7, supra) provides in part as follows:

"* * * The original plaintiff in an action wherein a third-party complaint is filed and any third-party defendants brought into the initial action as herein provided *may assert* against each other any claims and defenses which they would have if the third-party defendants were original parties to the action." (Emphasis added.)

The original plaintiff here never asserted any claim against General Motors Corporation. She never amended her complaint to state any theory of recovery against the third-party defendant. This court noted in Ex parte Huguley Water System, 282 Ala. 633, 213 So.2d 799, that the Alabama Third Party Practice Act is substantially similar to Rules 13 and 14, Federal Rules of Civil Procedure, and indeed was patterned after the Federal Rules.

Under the Federal Practice, only the third-party plaintiff may complain of a judgment dismissing the third-party complaint. Barron & Holtzoff Federal Practice and Procedure, Rules Edition, § 428. Further under the Federal Rule an original plaintiff cannot be required to assert a claim against a third-party defendant brought in by an original defendant, but may do so. In Delano v. Ives, 40 F.Supp. 672 (E.D.Pa.), the court said:

"* * * the weight of authority is to the effect that a defendant cannot compel the plaintiff, who has sued him, to sue also a third party whom he does not wish to sue, by tendering in a third party complaint the third party as an additional defendant directly liable to the plaintiff."

These Federal cases are, of course, not binding on us. However, they are persuasive of the treatment to be given our statute patterned after the Federal Rules. Thus we hold the plaintiff had no standing to complain of the court's granting the affirmative charge in favor of the third-party defendant. The third-party plaintiff Swindle has dismissed his appeal against

the third-party defendant so the propriety of the court's granting the affirmative charge as to it is not before us.

## IV.

Plaintiff in assignment of error 10 complains that the court erred in giving at the request of appellee Ellis the following charge:

"8. The Court charges the jury that before the plaintiff would be entitled to recover a verdict against the defendant, Rich V. Ellis, the burden is upon the plaintiff to show to your reasonable satisfaction from the evidence that the proximate cause of the plaintiff's injuries and damages was the direct result of the negligence of said Rich V. Ellis; and if you are not reasonable [sic] satisfied from all the evidence in this case that the plaintiff has proved such negligence on the part of Rich V. Ellis, you cannot return a verdict against said defendant."

This is a correct statement of the law. Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642.

The plaintiff says that the charge has a tendency to mislead the jury. We do not agree with this contention particularly in light of the court's oral charge. However, even if it were misleading, though a correct statement of the law, the plaintiff's remedy was to request an explanatory charge.

## V.

The last contention of plaintiff is. to the effect that the verdict of the jury is contrary to the law in that it exonerates defendant Gray (the driver), and goes against defendant Swindle (the owner). Plaintiff's argument is that under the doctrine of respondeat superior a verdict cannot stand which finds against the master and for the servant. This is true, but is limited to those cases where the liability of the master is predicated solely on the act or omission of the servant. 14 Ala.Dig., Master and Servant, ☞333. This was not the case here. There was alleged and proved to the satisfaction of the jury a theory of liability against defendant Swindle, the owner of the truck, entirely independent of any act or omission on the part of the driver. The plaintiff's complaint alleged that the owner maintained and operated a truck in a dangerous and unsafe condition. The evidence supported these allegations. The complaint and evidence support a verdict against the owner and for the driver. Defendant Swindle's liability in the case under the pleadings and evidence does not rest on the doctrine of respondeat superior. Rather the evidence showed that he supervised the loading of the truck; that it was overloaded by some 6,000 pounds; that the truck was equipped with worn lug bolts and the left rear wheel had a tendency to get loose, of all of which he was aware. In fact, on the morning of the accident the evidence was that Swindle told his driver to stop and check the lugs. There was ample evidence under which the jury was justified in returning the verdict it did.

For the reason herein stated, this cause is reversed and remanded.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.

## ON REHEARING

PER CURIAM.

The third party defendant General Motors Corporation in its application for rehearing asked the Court to extend its opinion to hold expressly that the trial court's judgment in favor of the third party defendant General Motors Corporation still stands and that the case was not reversed as to said General Motors Corporation.

Third party defendant General Motors Corporation was brought into the case by a third party complaint filed by defendants Gray and Swindle. The affirmative charge was granted in favor of the third party defendant General Motors Corporation and the jury returned verdicts in favor of General Motors in accordance therewith. The third party plaintiff Gray did not appeal. Third party plaintiff Swindle appealed but dismissed his appeal. The original plaintiff in the instant case never asserted any claim against General Motors Corporation.

A similar situation existed in the case of Tullis v. Blue, 216 Ala. 577, 114 So. 185 (1927). This was an automobile accident case in which the plaintiff Blue obtained a judgment for damages against both defendants, Tullis and Haltiwanger. Only defendant Tullis appealed. This Court in that case held that defendant Tullis was entitled to the general affirmative charge, as requested by him in writing during the trial. In the concluding paragraphs of its original opinion, this Court said:

"It results that the refusal of that charge was error for which the judgment must be reversed, and the cause remanded.

"Reversed and remanded."

In its opinion on rehearing, this Court said:

"The foregoing judgment of reversal was intended to affect the judgment appealed from only as against the appellant, Tullis. The defendant Haltiwanger did not appeal from the judgment rendered against him and Tullis, and there is no conceivable reason, in law or in justice, for reversing the judgment as rendered against Haltiwanger."

After reviewing the law on the subject, this Court then concluded its opinion on rehearing:

"The order of reversal will be qualified, so as to reverse the judgment below only as to the appellant, Tullis. As against Haltiwanger, the judgment will be nei-

ther reversed nor affirmed, but will simply stand as though no appeal had been taken."

In the instant case, defendants (also third party plaintiffs) Gray and Swindle are in a position corresponding to that of defendant Haltiwanger in Tullis v. Blue, supra. Therefore, the judgment in favor of third party defendant General Motors Corporation, not having been appealed from, should stand as though no appeal had been taken.

Application for rehearing granted as to General Motors Corporation. Opinion extended.

HEFLIN, C. J., and COLEMAN, BLOODWORTH, MADDOX and McCALL, JJ., concur.