291 So.2d 146

**Lily PRINCE**

v.

**James Elgie KENNEMER.**

**Civ. 25.**

Court of Civil Appeals of Alabama.

Feb. 14, 1973.

Rehearing Denied March 14, 1973.

Humphrey, Lutz & Smith, Huntsville, for appellant.

Ford, Caldwell, Ford & Payne, and W. Stanley Rodgers, Huntsville, for appellee.

HOLMES, Judge.

This is an appeal by the plaintiff below from a jury verdict and judgment in favor of the defendant-appellee.

The appellant filed suit in the Circuit Court of Madison County, Alabama, the complaint, claiming damages of $10,000, consisted of two counts. Count One claimed damages for personal injuries received by the plaintiff while a passenger in an automobile driven by plaintiff's husband, based on the defendant's alleged negligent operation of a motor vehicle. Count Two, to which the affirmative charge without hypothesis was given, alleged wanton conduct by defendant in the operation of the motor vehicle.

Issue was ultimately joined on a plea of the general issue.

Plaintiff filed a motion for new trial, which motion was overruled by the trial court and plaintiff has assigned this ruling as error.

The collision occurred about 8:00 P.M., on April 29, 1968, in Huntsville, Alabama, near the intersection of Warren Avenue on a part of Governors Drive, running generally east and west. There was a turning lane dividing the two eastbound lanes from the two westbound lanes.

The appellant, Mrs. Prince, was a passenger in a vehicle being driven by her husband. The appellee, driver of the other vehicle involved, and a passenger with him, were proceeding west in the inside lane, preceded 150 to 200 feet by another westbound vehicle in the outside lane. Appellee's vehicle was without its driving lights on. Both vehicles were damaged on the left side; appellee's vehicle left rear striking the vehicle of appellant's husband on its front left fender and side near the front door.

The primary dispute in the evidence relating to fault, which is in sharp conflict, concerned the location of the vehicles just prior to the impact. Appellant's husband testified that after stopping at intersection of Warren and Governors, and observing two vehicles, one with lights and one without lights, approaching from the east approximately 350 feet away in the westbound lanes, he pulled out across the westbound lanes of Governors Drive into the middle turn lane headed east with right turn blinker on waiting for an oncoming eastbound vehicle to clear, allowing him to enter eastbound lanes. Mr. Prince contends that the vehicle, in which appellant was a passenger, was so situated at the time of impact and that the appellee's vehicle, trav-

eling west, approximately 50 to 55 miles per hour, without lights, in the inside lane, was crowded into the center lane by the vehicle in the outside lane just prior to collision, and that appellee applied brakes, swerved right, skidded, and hit Mr. Prince's vehicle, throwing appellant out of her seat into the dash.

Two other witnesses for appellant substantially uphold this contention concerning the location of Mr. Prince's vehicle at the time of collision, though neither saw the accident happen. One witness traveling east on Governors Drive first observed the appellant's vehicle 200 to 300 feet away and the appellee's approaching from 500 to 600 feet in the opposite lane and that he heard the impact when he had approached so as to be about even with Mr. Prince's vehicle. He, however, estimated appellee's speed at 35 miles per hour and did not see appellee move into center lane. The other witness, whose residence was near the intersection, upon hearing the collision, looked out a window and was able to observe Mr. Prince's vehicle stopped in the center lane of Governors Drive and another vehicle going slowly across westbound lane and stop at the curb.

Appellee contends the evidence shows that he was proceeding west at 35 to 40 miles per hour in the inside lane of Governors Drive preceded 150 to 200 feet by another vehicle in the outside lane and that he was confronted with Mr. Prince's vehicle directly to his front 25 to 30 feet, moving across in his lane, that he applied brakes, turned sharply to the right, causing the rear of his car to swing left, and that the left rear of his vehicle struck Mr. Prince's vehicle on the left side near the front door. Appellee's contention is corroborated by his passenger who saw Mr. Prince's vehicle stop on Warren Avenue at the intersection of Warren and Governors Drive and then move across the westbound lane in front of appellee's vehicle. Further corroboration came from the investigating officer who remembered no skid marks, but found debris from the wreck in the center of the inside westbound lane of Governors Drive, and from the accident report turned in by Mr. Prince stating that when he, Mr. Prince, started to make his left turn, a car came up in the second lane without any lights on and the collision occurred.

Plaintiff's motion for a new trial consisted of several grounds, all relating to the trial court's giving or refusing certain requested written charges.

As noted above, the trial court gave the affirmative charge without hypothesis as to Count Two, the wanton count. Plaintiff contends this was error.

For this court to find the trial court erred to reversal in giving the affirmative charge without hypothesis as to the wanton count, the evidence must show a scintilla of evidence that the defendant-appellee with reckless indifference to the consequences consciously and intentionally did a wrongful act or omitted a known duty which produced the plaintiff-appellant's injury. Griffin Lumber Co. v. Harper, 247 Ala. 616, 25 So.2d 505; Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824. It must further be kept in mind that a conclusion as to liability which rests upon speculation, pure and simple, is not the proper basis for a verdict. Rota v. Combs, 267 Ala. 50, 99 So.2d 692.

Furthermore, in this instance, in assessing the sufficiency of the evidence, the law requires this court to give appellant the benefit of every reasonable inference taken in the most favorable light. Gladwell v. Scarbrough, 47 Ala.App. 208, 252 So.2d 325; Griffin Lumber Co. v. Harper, *supra*.

Closely examining the evidence upon which appellant relies to justify a reasonable inference of wanton conduct and giving appellant the benefit of every inference taken in the most favorable light, we are unable, in this matter, to find anything which does more than to engender speculation.

The only evidence tending to substantiate plaintiff's charge of wantonness is the testimony from plaintiff's husband, who was driving the automobile in which plaintiff was a passenger. His testimony was that he smelled alcohol on defendant's breath; that defendant was exceeding the speed limit; and that defendant had no lights on.

To the contrary was the testimony of appellee denying he had been drinking and the investigating police officer who neither smelled nor saw any indication that appellee had been drinking. As to the excessive speed, the limited physical damage to the automobile body shell, the police report, other physical facts and testimony, are all to the conclusion that defendant was not speeding. Testimony, including that of plaintiff's husband, inferring the sufficiency of light for visibility negates the fact of defendant driving without his headlights as a factor of wantonness. Testimony of plaintiff's husband was that prior to entering the intersection he saw appellee's vehicle some 350 feet down the street.

■ We, therefore, fail to discern evidence in this case, taken in totality, justifying an inference of wanton conduct; that is, that appellee, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some duty which produced the injury to appellant. These essential elements of wantonness were left to conjecture. Thompson v. Magic City Trucking Service, 275 Ala. 291, 154 So.2d 306; Zemczonek v. McElroy, *supra*. Therefore, the trial court, in giving the affirmative charge as to the wanton count, did not err to reversal.

Plaintiff further contends that the trial court erred to reversal in giving defendant's requested charge No. 7. Plaintiff bases this contention on the premise that subsequent negligence was an issue in the case and the charge in question which plaintiff states is a sole proximate cause charge precludes the jury's consideration of subsequent negligence.

■ Plaintiff's contention in this instance is without merit. Subsequent negligence presupposes negligence on the part of the plaintiff. Here, the plaintiff was a passenger; there was no plea of contributory negligence, no evidence of any contributory negligence on the part of plaintiff, and no issue presented on this question. The case presented, therefore, no question of subsequent negligence. See Williams v. Wicker, 235 Ala. 348, 179 So. 250. We find no error in the trial court giving appellee's written charge No. 7.

Appellant, in brief, adopts the same argument as that relating to charge No. 7, above, in his contention that the trial court erred in giving defendant's written requested charge No. 16. Charge No. 16 is similar to charge No. 7. In view of our ruling above, the trial court did not err to reversal in giving charge No. 16.

■ Appellant next contends that the trial court was in error in giving the defendant's written requested charge No. 18 which required that the jury find "that the proximate cause of the plaintiff's damages in this case, was negligence on the part of the defendant, . . ."

We find this charge to be a correct statement of the law. Karpeles v. City Ice Delivery Co., 198 Ala. 449, 73 So. 642; Otts v. Gray, 287 Ala. 685, 255 So.2d 26. Assuming without so finding that under the facts of the case the charge was misleading, though a correct statement of the law, the appellant's remedy was to request an explanatory charge. Otts v. Gray, *supra*. A trial court will not be put in error where it states the law correctly but fails to instruct the jury upon a contention that some of the evidence may contend to support. The remedy where such is the situation is to ask for an explanatory charge. Johnson v. Coker, 281 Ala. 14, 198 So.2d 299.

■ Appellant's next contention is that the trial court erred in giving the following defendant's written requested charge:

"20. The driver of a vehicle shall stop in obedience to a stop sign at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed. I further charge you that if you are reasonably satisfied from the evidence that on the occasion complained of the driver of the automobile in which the plaintiff was riding failed to yield to vehicles not obliged to stop at such intersection which were within the intersection or approaching so closely as to constitute an immediate hazard, then such conduct on his part was negligence and if you are further reasonably satisfied that such negligence was the sole proximate cause of the plaintiff's damages, then you cannot return a verdict in favor of the plaintiff and against the defendant."

This charge, in essence, states that the violation of a traffic regulation was negligence as a matter of law. Such a charge has been approved by our supreme court in Simpson v. Glenn, 264 Ala. 519, 88 So.2d 326, and we find no reversible error in this instance in the trial court's action in giving said charge.

■ Appellant further urges as error the refusal of the trial court to give the following plaintiff's written requested charge No. 3:

"Members of the jury, I charge you that if you are reasonably satisfied from the evidence that the defendant was guilty of any negligence in the operation of his automobile at the time complained of which proximately contributed to the plaintiff's injuries and damages complained of, your verdict must be for the plaintiff."

Appellant here contends that nowhere in the court's oral charge, or elsewhere, was the law of concurrent negligence adequate-ly covered and that, therefore, the above charge should have been given to clarify the law of concurrent causes as may be applicable to the case at bar.

We do not agree with this contention. We find no support for appellant's contention in the authority cited by him, to wit, Aplin v. Dean, 231 Ala. 320, 164 So. 737.

The above charge appears at best to be no more than a general proximate cause charge such as was given by the court in its oral charge. In other words, the charge does not to this court, state what appellant contends it stated, to wit, a charge for concurrent negligence.

■ Refusal of a charge, where it was fairly and substantially covered by the court's charge, is not error to reversal. Beavers v. Boykin, 273 Ala. 413, 142 So. 2d 10.

Appellant additionally argues in brief, collectively in a group, as one assignment of error, that the trial court erred in giving some five written requested charges on behalf of the defendant and the refusal by the trial court to give one of plaintiff's written requested charges.

■ Clearly, one of these charges in the group is a correct statement of the law, to wit, charge No. 21:

"Under count one of plaintiff's complaint, the burden of proof in this case is upon the plaintiff to reasonably satisfy you from the evidence that on the occasion complained of the defendant was guilty of negligence which proximately caused the plaintiff's injuries. Unless you are so reasonably satisfied from the evidence then you cannot return a verdict in favor of the plaintiff and against the defendant under count one of the plaintiff's complaint."

■ Where appellant argues assignments dealing with giving or refusal of written charges in bulk, no reversal will be granted where the court properly acted

**220**

with respect to any one of the charges. Hovis v. Yarbrough, 281 Ala. 229, 201 So. 2d 101; Ala.Dig., Appeal and Error, ☞739.

As seen from the above, this court has carefully considered all of plaintiff's arguments relating to the giving or failure to give certain written requested charges and considering each charge separately and further considering the cumulative effect thereof, and we do not find that the trial court erred to reversal.

Supreme Court Rule 45 dictates that no judgment should be set aside or reversed, nor new trial granted on the ground of giving or refusing of special charges unless it should appear that the error complained of has probably injuriously affected substantial rights of the parties. See Ala. Dig., Courts, ☞210. While we have perceived no reversible error in the trial court's action, certainly with Rule 45 in mind, the trial court is due to be affirmed.

All assignments of error properly presented and argued having been considered, the motion for new trial was properly overruled and the trial court is due to be affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.

## ON REHEARING

Our opinion does not hold, nor do we think it indicates as able counsel for appellant suggests, that this court undertook to weigh the evidence in this cause and failed to apply the rule that in considering whether a scintilla of evidence has been presented the reviewing court must accept adduced evidence most favorable to the plaintiff as true, and indulge such reasonable inferences as the jury was free to draw from the evidence.

All evidence adduced was considered, and taken in totality, a reasonable inference of wanton conduct was unjustified.

That part of the opinion reading, ". . . that the trial court erred in giving some five written requested charges on behalf of the defendant . . .", should read, ". . . seven written requested charges . . ."

Opinion extended and application for rehearing overruled.

WRIGHT, P. J., and BRADLEY, J., concur.