(114 So. 40)

BROWN v. McKNIGHT.　(6 Div. 972.)

Supreme Court of Alabama.　June 30, 1927.

Rehearing Denied Oct. 27, 1927.

**1. Appeal and error ⬅78(7)—Order continuing case and taxing plaintiff with accrued costs held not final judgment sufficient to support appeal.**

Order continuing case and taxing plaintiff with accrued costs because of failure to comply with court rule as to pleading in short by consent *held* not such final judgment as would support an appeal.

**2. Mandamus ⬅39—Order continuing case and taxing plaintiff with accrued costs is reviewable by mandamus.**

Order of lower court continuing case and taxing plaintiff with accrued costs for failure to comply with court rule as to pleading in short by consent is reviewable by petition for mandamus.

**3. Courts ⬅78—Circuit court may make reasonable rules for conduct of business.**

Circuit court has inherent power to make reasonable rules for conduct of business of court.

**4. Pleading ⬅115—Pleading in short by consent is practiced by consent and not otherwise.**

Pleading in short by consent is well recognized and frequently resorted to as saving much time, but is practiced by consent and not otherwise.

**5. Pleading ⬅115—Circuit court rule as to pleading in short by consent held invalid in so far as requiring plaintiff to give two days' notice that objection would be interposed to such general pleading (Code 1923, §§ 6664, 6689, 9486, 9471).**

Circuit court rule as to pleading in short by consent *held* invalid in so far as it required plaintiff to give notice two days previous to trial that he would object to such general pleading, in that it too narrowly restricted plaintiff's rights as to pleadings by defendant in accordance with the requirements of Code 1923, §§ 9486, 9471, and it appearing that rule was not entered pursuant to section 6689, and section 6664 being inapplicable.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by J. G. Brown against James McKnight. From a judgment or order passing the case and taxing plaintiff with costs, plaintiff appeals and petitions for mandamus. Transferred from Court of Appeals under Code 1923, § 7326. Appeal dismissed; writ of mandamus awarded.

The rule promulgated and enforced by the trial court in this case is as follows:

### Rule of the Court.

To prevent delay in the trial of cases, if the complainant intends to amend his complaint, he must prepare amendment and give defendant or his attorney a copy of same not later than the day before his case is set for trial.

The court desires that all other pleadings be "general issue in short by consent," but if any plaintiff is unwilling to so plead, he must give the defendant or his attorney notice at least two days before trial day, and the defendant is then required to prepare his pleas and furnish the plaintiff or his attorney a copy at or before the docket is sounded on day case is set for trial. If the defendant is unwilling to so plead in short by consent he must prepare his pleas and furnish the plaintiff or his attorney a copy at or before the docket is sounded on day case is set for trial.

This March 10, 1924.

J. C. B. Gwin, Judge.

Pinkney Scott, of Bessemer, for appellant.

Plaintiff's motion for judgment, no pleading having been filed by defendant, should have been granted. Code 1923, § 9471; Rule 29, 4 Code 1923, p. 903. The rule invoked in this case was without the discretion of the trial court. English v. Progress Elec. Co., 95 Ala. 262, 10 So. 134; Code 1923, §§ 6664, 9457, 9470; Rule 29, 4 Code 1923, p. 903.

McEniry & McEniry, of Bessemer, for appellee.

The order of the trial court passing the case will not support an appeal. Eslava v. Jones, 79 Ala. 287; Wise v. Spears, 200 Ala. 695, 76 So. 869; Martin v. Ala. Power Co.,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

208 Ala. 212, 94 So. 76; Meyers v. Martinez, 162 Ala. 562, 50 So. 351. Circuit court judges may adopt rules to facilitate the business. Code 1923, § 6664.

GARDNER, J. [1] Appellant sued appellee on a note. The trial court had established a rule as to pleading in short by consent, with which plaintiff had not complied, and in the enforcement of this rule the court continued the case and taxed plaintiff with all the costs that had accrued to that date. Plaintiff reserved exception, and appeals, assigning this action as error. It is too clear for discussion that the order made was not a final judgment as would support an appeal, and there is no statutory authority for an appeal from such an order. The appeal must be dismissed. Wise v. Spears, 200 Ala. 695, 76 So. 869.

[2] The question presented is reviewable by petition for mandamus, and anticipating such a holding appellant embraces such petition in this transcript. The entire matter is therefore before us in record form, duly certified, and the action of the court is to be reviewed upon this petition.

[3] Plaintiff sued as transferee of a note, and, upon the case being ready for trial and the jury selected, counsel for defendant stated: "We plead in short by consent." Plaintiff objected to such pleading, insisting that he could not afford in this case to have informal pleading. He had not given defendant or his counsel notice two days previous that objection would be interposed to such general pleading as required by a rule established by the judge of the court in March, 1924, which rule appears in the report of the case. Plaintiff insisted the rule was unreasonable and contrary to statutory proceedings, and should not be enforced against him. The court invoked the rule against plaintiff, and continued the case, taxing him with the cost. Exception was duly reserved. We are cited to no express statutory authority for such character of rule. It appears it was not entered pursuant to section 6689, Code of 1923, and section 6664 of the Code of 1923, noted by counsel for appellee, appears to be confined to equity proceedings. The circuit court had, however, inherent power to make reasonable rules for the conduct of the business of the court. 15 Corpus Juris, 901, 902. The power is subject to "limitation based on reasonableness and conformity to constitutional and statutory provisions."

[4] We are persuaded the rule in the respect here indicated does not come within the above-noted limitations. It too narrowly restricts plaintiff's rights as to pleadings by the defendant, which are required to be filed within a given period (section 9486, Code of 1923), and in certain named instances to be verified. Section 9471, Code of 1923. It further requires of plaintiff that he anticipate that a defense will be interposed by requiring the notice to be given. Pleading in short by consent is well recognized, and frequently resorted to as saving much time, but it is practiced by consent and not otherwise.

[5] We think the rule as applied to the plaintiff is out of harmony with statutory provisions as to pleading, and should not have been invoked to his prejudice.

It results therefore that in our opinion the order taxing plaintiff with the cost for his failure to comply with said rule should be set aside, and the cause proceeded with in due course. Unless the trial judge, upon being advised of this opinion, rescinds the order here complained of, the writ of mandamus will be awarded.

Appeal dismissed.

Writ of mandamus awarded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.