206 So.2d 348

**Fred L. SHUTTLESWORTH**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 291.**

Supreme Court of Alabama.

Nov. 9, 1967.

Wm. C. Walker, Birmingham, for petitioner.

Arthur Shores and Orzell Billingsley, Jr., Birmingham, Norman C. Amaker and Jack Greenberg, New York City, opposed.

LAWSON, Justice.

Fred L. Shuttlesworth was convicted in the Recorder's Court of the City of Birmingham of parading without a permit in violation of § 1159 of the General City Code of Birmingham, hereinafter referred to as § 1159, which reads:

> "It shall be unlawful to organize or hold, or to assist in organizing or holding, or to take part or participate in, any parade or procession or other public demonstration on the streets or other public ways of the city, unless a permit therefor has been secured from the commission.

> "To secure such permit, written application shall be made to the commission, setting forth the probable number of persons, vehicles and animals which will be engaged in such parade, procession or other public demonstration, the purpose for which it is to be held or had, and the streets or other public ways over, along or in which it is desired to have or hold such parade, procession or other public demonstration. The commission shall grant a written permit for such parade, procession or other public demonstration, prescribing the streets or other public ways which may be used therefor, unless in its judgment the public welfare, peace, safety, health, decency, good order, morals or convenience require that it be refused. It shall be unlawful to use for

such purposes any other streets or public ways than those set out in said permit.

"The two preceding paragraphs, however, shall not apply to funeral processions."

The word "commission" as used in § 1159 refers to the governing body of the City of Birmingham.

Following his conviction in the Recorder's Court, Shuttlesworth appealed to the Circuit Court of Jefferson County, where there was a de novo trial before a jury. The jury found Shuttlesworth guilty and the trial court, after rendering a judgment in accordance with the verdict of the jury, sentenced Shuttlesworth to pay a fine of $75 and to perform ninety days hard labor for the City of Birmingham.

Shuttlesworth then appealed to the Court of Appeals of Alabama which court, in a two-to-one decision, reversed the judgment of the Circuit Court of Jefferson County and rendered a judgment discharging Shuttlesworth "sine die." Judge Cates wrote the majority opinion, in which Presiding Judge Price concurred. Judge Johnson dissented.— Shuttlesworth v. City of Birmingham, 43 Ala.App. 68, 180 So.2d 114.

The City of Birmingham filed petition in this court for a writ of certiorari to review and revise the opinion and judgment of the Court of Appeals. We granted the writ.

While we are not altogether certain as to the exact reasons why the majority of the Court of Appeals concluded that Shuttlesworth's conviction should be reversed and that he should be discharged sine die, we will treat that opinion as holding that § 1159 is void on its face because of overbroad and consequently meaningless standards for the issuance of permits for parades or processions; that said section has been enforced by the City of Birmingham in such a way as to make it unconstitutional under the holding of the Supreme Court of the United States in Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220; that the evidence adduced by the City of Birmingham in the trial in the circuit court was insufficient to present a jury question as to whether Shuttlesworth had, in fact, been engaged in a parade, procession or other public demonstration in the streets or other public ways of the City of Birmingham without first having obtained a permit as required by § 1159.

In view of the fact that there was a dissenting opinion, we have gone to the original record to determine the facts.

The majority opinion of the Court of Appeals does not contain a complete statement of the facts. However, the dissenting opinion of Judge Johnson contains a rather lengthy recitation of the facts and our examination of the original record shows that the facts as stated in the dissenting opinion are fully supported by the record.

The dissenting opinion, unlike the majority opinion of the Court of Appeals, takes cognizance of the rule so often stated by the appellate courts of this state, to the effect that it is the duty of courts not to strike down a city ordinance or a statute as unconstitutional, if by reasonable construction it can be given a field of operation within constitutional limits and that where a statute or ordinance is susceptible of two constructions, one of which will defeat the ordinance or statute and the other will uphold it, the latter construction will be adopted.

With that rule in mind, Judge Johnson proceeds to construe § 1159, saying:

"I think it is obvious that this ordinance—Section 1159—was not designed to suppress in any manner freedom of speech or assembly, but to reasonably regulate the use of the streets in the public interest. It does not seek to control what may be said on the streets, and is applicable only to organize [sic] formations of persons, vehicles, etc., using the streets and not to individuals or groups

not engaged in a parade or procession. The requirement that the applicant for a permit state the course to be travelled, the probable number of persons, vehicles and animals, and the purpose of the parade is for the purpose of assisting municipal authorities in deciding whether or not the issuance of a permit is consistent with traffic conditions. Thus, the required information is related to the proper regulation of the use of the streets, and the fact that such information is required indicates that the power given the licensing authority was not to be exercised arbitrarily or for some purpose of its own. The requirement that the applicant state the purpose of the parade or procession does not indicate an intent to permit the Commission to act capriciously or arbitrarily. The purpose may have a bearing on precautions which should be taken by municipal authorities to protect parades or the general public.

"Section 1159, supra, provides that the Commission shall issue a permit 'unless in its judgment the public welfare, peace, safety, health, decency, good order, morals or convenience require that it be refused.' I do not construe this as vesting in the Commission an unfettered discretion in granting or denying permits, but, in view of the purpose of the ordinance, one to be exercised in connection with the safety, comfort and convenience in the use of the streets by the general public. The standard to be applied is obvious from the purpose of the ordinance. It would be of little or no value to state that the standard by which the Commission should be guided is safety, comfort and convenience of persons using the streets, and, due to varying traffic conditions and the complex problems presented in maintaining an orderly flow of traffic over the streets, it would be practically impossible to formulate in an ordinance a uniform plan or system relating to every conceivable parade or procession. The members of the Commission may not act as censors of what is to be said or displayed in any parade. If they should act arbitrarily, resort may be had to the courts. It is reasonable to assume from the facts in this case that the Commission would have granted appellant a permit to engage in the parade if such permit had been sought. A denial would have been warranted only if after a required investigation it was found that the convenience of the public in the use of the streets at the time and place set out in the application would be unduly disturbed." (180 So.2d 144)

We agree with and adopt the construction which Judge Johnson has placed on § 1159 and we agree with his observations to the effect that such construction finds support in the case of State v. Cox, 91 N.H. 137, 16 A.2d 508, which case was affirmed, in a unanimous decision, by the United States Supreme Court.—Cox v. State of New Hampshire, 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049.

The New Hampshire Supreme Court, as is pointed out in Judge Johnson's dissenting opinion, was called upon to determine the constitutionality of a state statute prohibiting, among other things, a parade or procession on the streets without a permit from local authorities. The New Hampshire statute did not set out a standard for granting or refusing the permit. The language of the New Hampshire court answering the assertion that the statute under consideration vested unwarranted control in the licensing authorities is quoted in Judge Johnson's opinion and will not be repeated here.

In the New Hampshire case, the marchers were divided into four or five groups, each composed of about fifteen to twenty persons. Each group proceeded to a different part of the business district of the City of Manchester and then lined up in a single-file formation and marched along sidewalks of the city in such a formation. The marchers carried banners and distributed leaflets announcing a meeting to be held at a later time where a talk on government would be given to the public free of charge. The marchers

had no permit. Despite the fact that the marchers were carrying banners and distributing leaflets as well as marching, their conviction of parading without a permit was affirmed by the Supreme Court of New Hampshire.—State v. Cox, supra.

In affirming the judgment of the Supreme Court of New Hampshire, the Supreme Court of the United States in Cox v. State of New Hampshire, supra, said in part as follows:

"The sole charge against appellants was that they were 'taking part in a parade or procession' on public streets without a permit as the statute required. They were not prosecuted for distributing leaflets, or for conveying information by placards or otherwise, or for issuing invitations to a public meeting, or for holding a public meeting, or for maintaining or expressing religious beliefs. Their right to do any one of these things apart from engaging in a 'parade or procession' upon a public street is not here involved and the question of the validity of an ordinance addressed to any other sort of conduct than that complained of is not before us.

"There appears to be no ground for challenging the ruling of the state court that appellants were in fact engaged in a parade or procession upon the public streets. As the state court observed:

'It was a march in formation, and its advertising and informatory purpose did not make it otherwise. * * * It is immaterial that its tactics were few and simple. It is enough that it proceeded in an ordered and close file as a collective body of persons on the city streets'.

* * * * * * )

"If a municipality has authority to control the use of its public streets for parades or processions, as it undoubtedly has, it cannot be denied authority to give consideration, without unfair discrimination, to time, place and manner in relation to the other proper uses of the streets. We find it impossible to say that the limited authority conferred by the licensing provisions of the statute in question as thus construed by the state court contravened any constitutional right." (312 U.S. 573–576, 61 S.Ct. 765–766.)

█ We would like to point out that we do not construe § 1159 as conferring upon the "commission" of the City of Birmingham the right to refuse an application for a permit to carry on a parade, procession or other public demonstration solely on the ground that such activities might tend to provoke disorderly conduct. See Edwards v. State of South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697.

█ We also hold that under § 1159 the Commission is without authority to act in an arbitrary manner or with unfettered discretion in regard to the issuance of permits. Its discretion must be exercised with uniformity of method of treatment upon the facts of each application, free from improper or inappropriate considerations and from unfair discrimination. A systematic, consistent and just order of treatment with reference to the convenience of public use of the streets and sidewalks must be followed. Applications for permits to parade must be granted if, after an investigation it is found that the convenience of the public in the use of the streets or sidewalks would not thereby be unduly disturbed.

Since the Court of Appeals of Alabama rendered its decision and judgment in the case here under review, the Supreme Court of the United States rendered a decision in a case wherein § 1159 was involved. See Wyatt Tee Walker v. City of Birmingham, decided by the Supreme Court of the United States on June 12, 1967, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210. Application for rehearing was denied on October 9, 1967. The Walker case, supra, was in the Supreme Court of the United States on writ of certiorari to review the

opinion and judgment of this court in the case of Walker et al. v. City of Birmingham, 279 Ala. 53, 181 So.2d 493, wherein we affirmed the conviction of Walker and several others, including Shuttlesworth, of criminal contempt for violating a temporary injunction issued by the Circuit Court of Jefferson County, in Equity, which enjoined Walker, Shuttlesworth and others from engaging in, sponsoring, inciting or encouraging mass street parades or mass processions or mass demonstrations without a permit. The injunction enjoined the respondents from carrying on other activities which we do not think necessary to comment on here. In our case of Walker et al. v. City of Birmingham, 279 Ala. 53, 181 So.2d 493, we did not expressly pass on the constitutionality of § 1159, although the petitioners, that is, Walker, Shuttlesworth and others, asserted that said § 1159 is void because it violates the First and Fourteenth Amendments to the Constitution of the United States. Based on that premise, the said petitioners also argued that the temporary injunction was void as a prior restraint on the constitutionally protected rights of freedom of speech and of assembly.

Our affirmance of the criminal contempt convictions was based on the principle "that the circuit court had the duty and authority, in the first instance, to determine the validity of the ordinance, and, until the decision of the circuit court is reversed for error by orderly review, either by the circuit court or a higher court, the orders of the circuit court based on its decision are to be respected and disobedience of them is contempt of its lawful authority, to be punished. Howat v. State of Kansas, 258 U.S. 181, 42 S.Ct. 297, 66 L.Ed. 550."

As we have heretofore indicated, the Supreme Court of the United States on June 12, 1967, affirmed our judgment in Walker et al. v. City of Birmingham, 279 Ala. 53, 181 So.2d 483. The Supreme Court of the United States divided five to four. It appears from the Court's opinion, written by Mr. Justice Stewart, and from the opinions

of the dissenting Justices, that the petitioners in the Supreme Court of the United States again asserted that § 1159 was void on its face. The dissenting Justices expressed the view that § 1159 is unconstitutional on its face.

However, the majority of the Court, as then constituted, did not hold that § 1159 is void on its face. The Court's opinion contains the following language:

"The generality of the language contained in the Birmingham parade ordinance [§ 1159] upon which the injunction was based would unquestionably raise substantial constitutional issues concerning some of its provisions. Schneider v. State of New Jersey, 308 U.S. 147, 60 S.Ct. 146, 84 L.Ed. 155; Saia v. People of State of New York, 334 U.S. 558, 68 S.Ct. 1148, 92 L.Ed. 1574; Kunz v. People of State of New York, 340 U.S. 290, 71 S.Ct. 312, 95 L.Ed. 280. The petitioners, however, did not even attempt to apply to the Alabama courts for an authoritative construction of the ordinance. Had they done so, those courts might have given the licensing authority granted in the ordinance a narrow and precise scope, as did the New Hampshire Courts in Cox v. State of New Hampshire [312 U.S. 569, 71 S.Ct. 762, 85 L.Ed. 1049] and Poulos v. State of New Hampshire [345 U.S. 395, 73 S.Ct. 760, 97 L.Ed. 1105], both supra. Cf. Shuttlesworth v. City of Birmingham, 382 U.S. 87, 91, 86 S.Ct. 211, 213, 15 L.Ed.2d 176; City of Darlington v. Stanley, 239 S.C. 139, 122 S.E.2d 207. *Here, just as in Cox and Poulos, it could not be assumed that this ordinance was void on its face.*" (Emphasis supplied) (87 S.Ct., 1830)

The language which we have just italicized seems to us to be in direct conflict with the conclusion reached in the majority opinion of the Court of Appeals of Alabama here under review.

We are of the opinion that the construction which Judge Johnson placed on § 1159

in his dissenting opinion, which we have in effect adopted, together with the construction which we have placed on § 1159 in this opinion, requires a reversal of the judgment of the Court of Appeals here under review.—Cox v. State of New Hampshire, 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049; Walker et al. v. City of Birmingham, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210.

■ We hold that § 1159 is not void on its face and that under the construction which we have placed on that section, it did not deprive Shuttlesworth of any right guaranteed to him under the First and Fourteenth Amendments to the Constitution of the United States.

■ We are also in accord with the conclusion reached by Judge Johnson in his dissenting opinion to the effect that there is nothing in the record before us tending to show that § 1159 has been applied in other than a fair and non-discriminatory fashion. The record before us shows no violation of Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220.

The petitioners in the case of Walker et al. v. City of Birmingham, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210, decided by the Supreme Court of the United States on June 12, 1967, asserted that they were free to disobey the injunction because § 1159, on which the injunction was based, had been administered in an arbitrary and discriminatory fashion. In support of that contention those petitioners had sought to introduce evidence in the trial court to the effect that a few days before the injunction issued requests for permits to picket had been made to a member of the City Commission and one request had been rudely refused and that this same official had later made it clear that he was without power to grant the permit alone, since the issuance of permits was the responsibility of the entire Commission. The Supreme Court of the United States, in answering that contention, said as follows: "Assuming the truth of the proffered evidence,

it does not follow that the parade ordinance is void on its face."

We see no occasion to deal at length with the holding or observation contained in the majority opinion of the Court of Appeals of Alabama to the effect that the evidence was insufficient to show that Shuttlesworth had engaged in a parade on the "streets or other public ways of the City of Birmingham without a permit." The evidence as delineated in the dissenting opinion of Judge Johnson, in our opinion, clearly shows that such a violation occurred.

We can see no merit in the position apparently taken in the majority opinion of the Court of Appeals of Alabama to the effect that since the marchers paraded on the sidewalks of the City of Birmingham rather than in the streets, there had been no violation of said § 1159.

Section 2 of the General City Code of Birmingham of 1944 reads in part:

"Sec. 2. Definitions and rules of construction.

"In the construction of this code and of all ordinances, the following definitions and rules shall be observed, unless the context clearly requires otherwise.

\*  \*  \*  \*  \*  \*

"Sidewalk: The term 'sidewalk' shall mean that portion of a street between the curb line and adjacent property line."

It is appropriate to note that the statute under consideration in the case of State v. Cox, 91 N.H. 137, 16 A.2d 508, prohibited a parade or procession on streets without a permit from local authorities. The parade or procession in which Cox was involved occurred on the sidewalks of the city of Manchester. Neither the Supreme Court of New Hampshire nor the Supreme Court of the United States took the position that the statute involved did not apply to sidewalks as well as to the portion of the street generally used by vehicular traffic. Cox's conviction of parading without a permit was upheld by the courts.

We are aware of the fact that ordinances somewhat similar to § 1159 have been declared unconstitutional in two recent federal cases. See Guyat v. Pierce (U.S. Court of Appeals, 5th Circuit), 372 F.2d 658; Baker et al. v. Binder, 274 F.Supp. 658, decided in the United States District Court for the Western District of Kentucky at Louisville. That was a three-judge court, with one judge dissenting. No reference was made in the opinions delivered in those cases to Walker et al. v. City of Birmingham, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210. Perhaps we have placed too much reliance on Walker et al. v. City of Birmingham, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210, and on Cox v. State of New Hampshire, 312 U.S. 569, 61 S.Ct. 762, 85 L.Ed. 1049. We may have misinterpreted the opinions in these cases. If so, we will no doubt be set straight.

In view of the foregoing, the judgment of the Court of Appeals is reversed and the cause is remanded to that court.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN, MERRILL, COLEMAN and HARWOOD, JJ., concur.