213 So.2d 799

Ex parte HUGULEY WATER SYSTEM et al.

5 Div. 866.

Supreme Court of Alabama.

Aug. 26, 1968.

London, Yancey, Clark & Allen and Thos. R. Elliott, Jr., Birmingham, and Ball & Ball, Montgomery, for petitioners.

Samford, Torbert & Denson, John V. Denson, II, and W. F. Horsley, Opelika, for respondent.

KOHN, Justice.

The Petitioners, Huguley Water System, a corporation, and Boan Contracting Company, Inc., a corporation, ask for writ of mandamus in a suit styled Olen B. Rice v. City of Lanett, Alabama; Huguley Water System, a corporation, Boan Contracting Company, Inc., a corporation; which was filed and is now pending in the Circuit Court of Chambers County, Alabama. Petitioner Huguley Water System, a corporation, filed a third party complaint against Troy E. Watford and Associates, Inc. in accordance with Title 7, Section 259(2) of the Code of Alabama. On January 26, 1968, Huguley Water System, a corporation, one of the original defendants, filed a cross claim against co-defendant Boan Contracting Co., Inc., a corporation, in accordance with Title 7, Section 259(1) of the Code of Alabama. On February 5, 1968, Boan Contracting Co., Inc. filed a plea of the general issue in short by consent to the cross complaint filed against it by Huguley Water System. On February 21, 1968, Boan Contracting Co., Inc., a corporation, filed a cross claim against Huguley Water System, a corporation, in accordance with Title 7, Section 259(1) (a) of the Code of Alabama. On March 20, 1968, Huguley Water System, a corporation, filed a demurrer to the cross complaint of Boan Contracting Co., Inc., which had been filed against it. On July 15, 1968, the plaintiff in the original action filed a motion to strike the third party complaint of Huguley Water System v. Troy E. Watford and Associates, Inc. The court granted the motion to strike on July 15, 1968, and it is the claim of the petitioners that said order was contrary to the law of the State of Alabama and Title 7, Section 259(2) of the Code of Alabama, and that mandamus was the only adequate remedy available to petitioners. On July 15, 1968, Plaintiffs in the original action filed a motion to strike the cross claim filed by defendants (Petitioners), Boan Contracting Co., Inc., a corporation, and Huguley Water System, a corporation. Troy E. Watford and Associates, Inc., a corporation, is not a party to this mandamus nor was it an original defendant. The court granted the motion to strike on July 15, 1968, and petitioners claim said order was contrary to the laws of the State of Alabama and Title 7, Section 259(1) (a) and that mandamus was the only adequate remedy available to petitioners. Petitioners further allege that the trial of the original case of Olen B. Rice v. Huguley Water System and Boan Contracting Co. et al is set for September 2, 1968, and that in the present status of the case petitioners will be denied the right to have said cross claims and third party actions litigated in the principal case in accordance with the provisions of Title 7, Section 259(2), Code of Alabama. Petitioners pray for relief in that their contention is that there was no authority for the court to grant the motion to strike the cross claims and third party complaints and there was an abuse of discretion in so doing and that the granting of said motion to strike was not authorized by the laws of Alabama. Petitioners also rely on the same reasons objecting to the court granting the motion to strike the cross claim of Boan Contracting Co. v. Huguley Water System and of the granting of the motion to strike the cross claim of Huguley Water System v. Boan Contracting Co. and that said order should be vacated, annulled and set aside, and the cross complaint should be reinstated in the pleadings formulating the issues in said cause. Hence, the action of the petitioners in seeking an alternative writ of mandamus or rule nisi

directed to Honorable L. J. Tyner, as Judge of the Fifth Judicial Circuit of Alabama.

On August 7, 1968, said petition for writ of mandamus was orally argued before this court and the following order was made by this court:

"Let Rule Nisi issue as prayed. The respondent through Counsel in open Court waives the issuance of rule nisi and has filed his answer to the petition for mandamus. By agreement of Counsel, the petitioners shall have ten days from this date to file their briefs; the respondent shall have three days from due service of petitioners' briefs within which to file his brief. Thereupon the Cause shall be submitted on briefs on the Petition for writ of mandamus and on the answer of the Respondent Judge."

In substance, petitioners complain of the trial court's order dated July 15, 1968, granting motions to strike cross claims of Huguley Water System v. Boan Contracting Company, Boan Contracting Company v. Huguley Water System, and third party complaint filed by Huguley Water System against Troy E. Watford and Associates, Inc., in the cases of Annie K. Rice v. Huguley Water System, a corporation, et al, and Olen B. Rice v. Huguley Water System, et al. There were two cases below: one filed by Annie K. Rice (Mrs. Olen B. Rice), and the other by Olen B. Rice. The instant case involves Olen B. Rice and a companion case, 5 Div. 867, involves Annie K. Rice (Mrs. Olen B. Rice), 282 Ala. 640, 213 So.2d 806. The issues involved in both the Annie K. Rice suit and the Olen B. Rice suit are identical.

To have a proper understanding of this case it is necessary to summarize the facts. The plaintiffs' action in the Circuit Court of Chambers County, Alabama, claimed damages for property destruction resulting from an explosion which occurred on November 26, 1966. The Plaintiff Olen B. Rice originally brought suit against the City of Lanett, Huguley Water System, Boan Contracting Company and various fictitious defendants. Annie K. Rice originally brought suit against Huguley Water System, Boan Contracting Company and various fictitious defendants. It was claimed that the City of Lanett operated a gas line adjacent to the property of plaintiffs and that Huguley Water System and Boan Contracting Company negligently laid a water line so close to the gas line that as a result the gas line broke, causing gas to escape into plaintiff's building and explode. In support of the petition for writ of mandamus the petitioners claim first mandamus is the appropriate remedy to reinstate the third party pleadings. For reasons later appearing in this opinion the question of whether mandamus is the proper remedy is not dispositive of this cause. Whether a motion to strike is a proper remedy as contended is not important for the reasons noted later on in this opinion.

In substance, the respondent claims that a circuit court has the inherent power to strike pleadings and that the Alabama third party and cross claim statutes are borrowed from and modeled after Federal law, and therefore Federal decisions relative to striking third party complaints and cross complaints should be looked to for guidance in applying the Alabama acts. Mainly, the respondent based its right to strike the third party complaints and cross claims on the grounds it was done to avoid prejudice to the plaintiffs' case and assigns as its reasons in its brief that the plaintiffs' case will be irreparably prejudiced if the jury is forced to decide the issues involved in third party actions and cross claims, further claiming that the damage action filed by the plaintiff resulting from an explosion is by its very nature an exceedingly complex and complicated suit, and that the liability involving the various defendants will require proof and supporting testimony of a highly technical nature and that there are numerous potential expert witnesses for both sides. Respondent further is claiming that almost 600 pages of depositions already have been taken in preparation of this case for trial and that the third party action

and cross claims will make the jury's task impossible; and that further the third party actions and cross claims will bewilder the jury by the multiplicity of issues submitted to them for decision. Also that if the third party actions and cross claims are reinstated it will work a continuance of the trial because a great deal of further preparation will be necessary to prepare those cases along with the original case. And that petitioners will suffer no damage from the striking of their third party action and cross claims in that they can all file separate suits claiming their rights of indemnity and that the actions of respondent in striking the third party action and cross claims did not serve to deprive any party of its rights or remedies, but merely preserved for the plaintiff his right to a fair trial. Respondent further claimed that the issues involved in the third party action and cross claim could not properly be presented to the jury which tries the original suit for there could be no proper charge or instruction to the jury which the trial court could make regarding their duties in respect to the third party action and cross claim for among other things, there is no apportionment of damages among joint tort feasors allowed under Alabama law. In substance respondent further contends that all the issues involved in the indemnification of the third party plaintiffs and cross complainants cannot be clearly presented to the jury which will try the original suit.

Here the issue may be simply stated as presenting the single question as what is the duty of a trial court when faced with third party and cross claims pursuant to Sections 259(1) and 259(2) of Title 7 of the Code of Alabama (1940) (Recompiled 1958). We think we should first direct our attention to subparagraph (b) of Title 7, Section 259(1), which reads as follows:

"When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a cross-claim, the court shall order them to be brought in as defendants by causing summons, complaints and cross-claim to be served upon such additional parties. Such additional parties shall make their defenses to any such cross-claim as if originally sued."

We construe subsection (b) as meaning that whenever the presence of parties other than those to the original action is required for the granting of complete relief in determining of cross claims, it is a judicial determination for the court to decide. We find nothing in the record showing that the court made an order bringing in third parties as defendants, but the record discloses that the clerk issued a summons to the sheriff to bring in the parties. We think this cross complaint statute, Title 7, Section 259(1) (b), is clear and unambiguous and recognizes the right of the court to act judicially to pass upon whether the presence of parties other than those to the original action is required to the granting of complete relief in the determination of cross claims. And when the trial court observed that the presence of parties other than those to the original action had been brought in and were on his docket he had the inherent right to strike the parties if he determined judicially that the presence of parties other than those to the original action was not required for the granting of complete relief. We think the words in subparagraph (b) of Section 259(1), Title 7, "the court shall order * * *", recognizes the judicial right and judicial functioning of the court on this question. We shall later in this opinion cite court decisions supporting this conclusion.

Subparagraph (2) of Section 259, Title 7, relative to third party complaints states any time after the commencement of a civil action a defendant as third party plaintiff may cause a summons and complaint to be served. This brings in the additional party not a party to the action who is or may be liable to third party plaintiff for all or part of plaintiff's claim against him.

This party is then called the third party defendant and he may set up defenses to third party plaintiff's claim as if he were defendant in the original action. At this time no action of the court is required. But even without the particular wording of subparagraph (b) of Section 259(1) as compared to the wording of 259(2), the real issue in this cause is whether or not a trial court has the inherent right pursuant to a motion or on its own volition to eliminate the cross claim action and the third party complaint. It should be observed that subparagraph (3) of Section 259, Title 7, provides that this article is cumulative and should be construed insofar as practicable in pari materia with other laws and rules of court governing civil actions, and it also provides that the provisions of any law or rule of court in conflict with the provisions of this article are repealed to the extent, *but only to the extent, of such conflict.* It should be here noted that the cross claims and third party action Article 11A, Title 7, Section 259 et seq., was passed by the Legislature as Act 854 and became law on September 2, 1965. And it may be here noted as stated in The Alabama Lawyer, January 1967, on page 64, that the Legislative Reference Service discloses very little legislative history or background concerning Act 854 *for there was no record of debates* and explanations of the bill on its passage. It was obvious, however, from an examination of the Act that it is substantially similar to Rules 13 and 14, Federal Rules of Civil Procedure, United States Code Annotated, Title 28, pages 340 and 407. *Prior* to September 2, 1965, the date upon which the cross claims and third party practice act became the law of this state, Federal courts had in many cases construed Rules 13 and 14 of Federal Rules of Civil Procedure and we are unable to impute to the Legislature a lack of knowledge of these constructions at the time it adopted Act 854, the Cross Claims and Third Party Practice Act, for this court knows that in addition to laymen, the Legislature of Alabama and such committees through which acts are processed contain members of the Bar. Furthermore, it is a principle of law recognized in this state when the Legislature enacts a statute borrowed from another jurisdiction it also enacts the authoritative interpretation of the statute and it is presumed that the framers of the Act were familiar with the construction placed on it, and in the case of State v. Southern Surety Company, 221 Ala. 113, 127 So. 805, 70 A.L.R. 296, this court held that when the Legislature enacts a statute borrowed from another jurisdiction, it also borrowed the interpretation of the act. Here it is obvious that the Alabama Act 854, supra, and Rules 13 and 14 of the Federal Rules of Civil Procedure are very similar, but we do not have to reply upon the Federal construction of this Act for a disposition of this cause. However, it is persuasive to know that as far back as 1953, over ten years before the Alabama Act came into existence, Federal courts had held that the granting of permission to file third party complaints and dismissal of such complaints rested within the discretion of the court. Schott v. Colonial Baking Company, D.C., 111 F.Supp. 13. And as late as 1966 a Federal District Court held that on motion to bring in third party defendants, the court must balance the desire to avoid circuity of action and to obtain consistent results against any prejudice which the plaintiff might suffer from complication of the case, as well as considering whether there is any merit to the third party claims. John Hopkins University v. Hutton, Dist.Crt. of Maryland, May 2, 1966, 40 F.R.D. 338. Here we think the principles of law long existing in this state are pertinent to and consistent with the proper disposition of this case. It has long been the law of this state that a circuit court has inherent powers to make reasonable rules for the conduct of the business of the court. Brown v. McKnight, 216 Ala. 660, 114 So. 40.

We are citing these decisions and emphasizing this principle of law because by analogy we think it is enlightening on the inherent power of a court, although no

rules of the circuit court implemented the Cross Claims and Third Party Practice Act, supra. We also are familiar with the case of Ex parte Foshee decided by this court in 1945 in 246 Ala. 604, 21 So.2d 827, where it was held a legislative enactment takes precedence over a rule of a court and that the Constitution of Alabama conferred on the Legislature power to prescribe rules of practice and procedure in state courts. Ex parte Foshee, supra. Furthermore, we are cognizant of Porter v. State, 234 Ala. 11, 174 So. 311, wherein on March 11, 1937, this court responded to certain certified questions from the Court of Appeals wherein the court, among other things, stated the principle where a positive rule of practice was established by statute, courts have no discretion in the matter.

We also think it is necessary to refer to Broadway v. State, decided by this court on June 9, 1952, 257 Ala. 414, 60 So. 2d 701, wherein the principle is set forth that the functions and orderly processes of courts which derive their existence from the state constitution may not be disturbed by any legislative enactment. Constitution of 1901, 42–44, 139. We shall discuss this case subsequently in this opinion. Another principle that we must bear in mind in deciding this case is that the judicial power is coordinated with the legislative and neither can encroach upon the other, and that the Legislature cannot validly pass a law which will impede the functioning of the court. Broadway v. State, supra. We also have carefully read the case of Aggregate Limestone Co. v. Robison, 276 Ala. 338, 161 So.2d 820, but our conclusions hereinafter rendered are not inconsistent with such decision. It is the duty of this court not to strike down a statute as unconstitutional if by reasonable construction it can be given a field of operation within constitutional limits. Shuttlesworth v. Birmingham, 281 Ala. 542, 206 So.2d 348. And it is the further duty of this court to construe the statute involved in this mandamus petition to give it validity and remove any question of constitutionality, if possible.

Morgan v. State, 280 Ala. 414, 194 So.2d 820. We do not think any case cited in this opinion, nor have we found any case which refutes the principles of Broadway v. State, supra. We hold that the statute of cross claims and third party practice, 259(1) and 259(2) of Title 7, supra, placed a ministerial duty upon the trial court to acquiesce in the *filing* or commencing of said third party action or cross claim action but would not prevent the court from then exercising its inherent right to act judicially if such actions, or either of them—third party action or cross claim complaint—would impair unduly the exercising of the court's powers and functions (such as complicating or prejudicing the rights of the original plaintiff and defendant) in proceeding with the original action without incorporating therein or allowing either the cross claim, as provided by 259(1), or third party complaint, as provided by 259(2), supra. Broadway v. State, supra; Wefel v. Stillman, 151 Ala. 249, 44 So. 203. For to hold otherwise would require the declaring of the cross claims and third party practice sections of Article 11A, supra, unconstitutional. For we hold, as did the court in Broadway v. State, supra, that it has been the firm understanding of the courts in the interpretation of the constitution that those courts which derive their existence from the constitution, succeeding common law courts of historic origin, cannot have their functions and their orderly processes disturbed by any legislative enactment. We are not holding that the legislative enactment of Article 11A, Cross Claim and Third Party Practice, Section 259(1), (2) and (3), hampers the orderly functioning of the circuit court, for we believe and so hold that there is a field of operation for such cross claim and third party practice consistent with the constitution and consistent with the right and duty of the trial court to exercise judicial discretion in each particular case, to decide whether such cross claims and third party actions presented to it upon the particular facts before the court on the pleadings should be allowed, or whether to strike either or both on its

own motion in order to preserve orderly process and prevent prejudice and unnecessary hardship to the parties, for we must bear in mind that by Section 259(3) the provisions of the cross claims and third party practice statute are cumulative. This, in effect, means the parties have independent actions without having to rely solely on cross claims and third party practice, for to hold otherwise would be the allowance of an unwarranted invasion by the Legislature of a judicial prerogative. It is manifest that such was not the intent of the Legislature in enacting the Cross Claim and Third Party Practice Act, supra. In arriving at this conclusion we have not ignored the principles enumerated in Ex parte Foshee, 246 Ala. 604, 21 So.2d 827, and Ex parte Dozier, 262 Ala. 197, 77 So. 2d 903.

For the reasons noted, the Petition for Writ of Mandamus is denied.

LIVINGSTON, C. J., and SIMPSON, MERRILL, COLEMAN and HARWOOD, JJ., concur.