249 So.2d 817

**F. R. HOAR & SON, INC., a Corporation**

**v.**

**B. I. FLORENCE, Indiv., and d/b/a Florence Heating & Air Conditioning Co., and Florence Heating & Air Conditioning Co., a Corp.**

**6 Div. 829.**

Supreme Court of Alabama.

June 17, 1971.

Spain, Gillon, Riley, Tate & Ansley, and John P. McKleroy, Jr., Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, and Reid B. Barnes, Birmingham, for appellee.

BLOODWORTH, Justice.

This is an appeal by a third party plaintiff from a judgment of the circuit court of Jefferson County, Alabama, granting the third party defendant's motion to strike the third party complaint after a settlement and entry of final judgment in the original cause.

Our sole inquiry is to determine whether the trial court erred in rendering the judgment and striking the third party complaint. After a careful study of the statutes governing third party practice (Title 7, §§ 259(1)–(3), Code of Alabama 1940, as amended), we have concluded that the trial court did not err and that its judgment should be affirmed.

The facts are that F. R. Hoar & Son, Inc. (Hoar) was the prime contractor for the construction of a Goodyear Service Store in Birmingham. Florence Heating & Air Conditioning Company (Florence) was one of the subcontractors on the project. During the construction, Walter Coggins, an employee of Florence, was injured in the course of his employment. Coggins instituted suit against Hoar claiming $175,000 as damages for personal injuries which he received as a proximate consequence of the negligence of Hoar. Thereafter, Hoar filed a third party complaint against Florence (under the provisions of Title 7, § 259(2), supra), claiming that, in the event it (Hoar) is found liable to the plaintiff in the original cause, Florence would be liable to it as a consequence of an existing indemnity agreement between them.

Both the original plaintiff (Coggins) and the third party defendant (Florence)

filed motions to strike the third party complaint. The trial court entered an order granting these motions. The third party plaintiff (Hoar) thereupon filed a motion to set aside this order, requesting a hearing on the motion, and praying that the court thereafter "sever the issues tendered by the third party complaint pending the outcome of the trial on the original complaint."

Thereafter, and after a hearing on the motion, the trial court entered a judgment: awarding the plaintiff (Coggins) a $55,000 judgment against the defendant (Hoar) pursuant to a settlement agreement reached between them; setting aside its previous order granting the motions to strike the third party complaint; and declaring that the "motion to strike filed by the third party defendants [Florence] to the third party complaint of F. R. Hoar and Son, Inc., is well taken and is due to be granted." It is from this latter ruling that Hoar takes this appeal.

Hoar concedes that in a previous decision, Ex parte Huguley Water System, 282 Ala. 633, 213 So.2d 799 (1968), this court concluded that a trial court possessed the inherent right, acting within its discretion, to refuse to hear a third party claim if it "would impair unduly the exercising of the court's powers and functions * * *." Nevertheless, Hoar argues that in this instance the trial court was not exercising this inherent power in striking the third party complaint. Hoar suggests that for this court to uphold the trial court's action would be tantamount to a refusal to give effect to third party practice in Alabama and would result in protracted litigation and a multiplicity of suits contrary to the underlying purpose of our third party practice statutes.

In reply, Florence argues, first, that the court's decree striking the third party complaint is not such a final judgment as will support an appeal. Second, assuming arguendo, that it is an appealable order, Florence contends that the court had no authority to sever the issues as requested by the third party plaintiff. Consequently, Florence says, when the original suit was settled and judgment entered thereon the third party action was also terminated. Finally, it is contended that the trial court possessed the inherent power to strike the third party complaint and that its action in doing so, in this instance, did not constitute an abuse of discretion.

■ We first address ourselves to the question whether striking the third party complaint, in this case, is such a final judgment as will support the appeal. This precise question has not been previously passed upon by this court. Although the court did review such a judgment by mandamus in *Ex parte Huguley*, supra, we did not consider whether mandamus was the appropriate remedy to review the trial court's action since that question was not raised.[1]

After carefully considering the matter, we have concluded that the appeal is properly taken by Hoar in this case from the judgment striking the third party complaint.[2] In reaching this determination, we have drawn an analogy to, and have placed reliance upon, our decision in City of Birmingham v. Hallmark, 266 Ala. 582, 98 So.2d 15 (1957). In that case, this court held "that a judgment dismissing a 'petition for intervention,' which has been filed with leave of court and which judgment is in form such as to make it a final judgment is reviewable by appeal." We believe the same conclusion follows when the appeal is from a judgment dismissing or striking a third party complaint under facts such as existed in this case.

1. See also Koppers Company v. Gulf Welding & Construction Inc., 285 Ala. 331, 231 So.2d 896 (1970), where both an appeal and petitions for writ of mandamus, in the alternative, were filed seeking our review.

2. We do not wish to be understood as holding that appeal is the sole remedy to review the trial court's ruling nor that mandamus might not be the appropriate remedy under other factual situations.

We note that in City of Birmingham v. Hallmark, supra, the judgment appealed from failed to tax costs; consequently, this court was compelled to hold that it was not "in form such as to make it a final judgment". Such is not the situation in the case before us. The court's final judgment entry recited: "Costs of the third party complaint are hereby taxed to the third party plaintiff, F. R. Hoar & Son, a corporation, for which let execution issue." It appears that the judgment is in all other respects a final judgment from which an appeal may lie.

We turn next to a consideration of the trial court's action in striking the third party complaint. Our statutes governing third party practice, Title 7, § 259(1)–(3), supra, were enacted in 1965[3] and to date have been construed in relatively few decisions. The section out of which this litigation arises (Title 7, § 259(2), supra), provides:

"At any time after commencement of a civil action, a defendant, as a third-party plaintiff, may cause a summons and complaint to be served upon a party not a party to the action who is, or may be, liable to such third-party plaintiff for all, or part, of the plaintiff's claim against him. The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as if he were a defendant in an original action and shall be entitled to the remedies of set-off and recoupment and cross-claim available to original defendants. The original plaintiff in an action wherein a third-party complaint is filed and any third-party defendants brought into the initial action as herein provided may assert against each other any claims and defenses which they would have if the third-party defendants were original parties to the action. A third-party defendant may proceed against any person not a party to the action who is or may be liable to him for all or a part of the claim made in the action against the third-party defendant and when a claim is asserted against the original plaintiff, either by the original defendant or by a third-party defendant, he may cause a third party to be brought in under such circumstances as would entitle an original defendant to do so."

This provision is substantially similar to Rule 14(a), Federal Rules of Civil Procedure, 28 U.S.C.A., as last amended, a fact which this court recognized in Ex parte Huguley, supra. However, there is one vital and pertinent distinction. Rule 14(a) contains the following provision not found in our statute: "Any party may move to strike the third-party claim, or for its severance or separate trial." We conclude that the absence of such provision in the Alabama statute providing for severance or separate trial forecloses the trial court from ordering a separate trial of the third party action after the entry of a final judgment in the original action.

Should we hold that a trial court has the power to sever the third party action from the original action and conduct separate trials, we would have to conclude that the court possesses this power during pendency of the original action, as well as after its final disposition, notwithstanding there is no statutory authority to do so. We cannot read into Title 7, § 259(2), supra, that which has been expressly omitted by the legislature. To do so, would be tantamount to judicial legislation under the guise of judicial construction. State v. Dawson, 264 Ala. 647, 89 So.2d 103 (1956).

We note that the provision in Federal Rule 14(a), supra, omitted from our statute, grants to any party, in addition to the right to move for a severance or separate trial, the prerogative to move to strike, the third party claim. But, this court recognized in Ex parte Huguley, supra, that a trial court's power to strike the third party complaint was not derived by

---

3. Act No. 854, Acts of Alabama 1965, Vol. II, approved September 2, 1965, pp. 1591–1592.

**162**

*implication* from an interpretation of Title 7, § 259(2), *supra*, but rather is derived from the *inherent power* of the circuit courts of this state to make reasonable rules for the conduct of the business of the courts. We do not believe our decision is inconsistent with these pronouncements in *Ex parte Huguley*. To the contrary, we recognize, and reaffirm, that a trial court possesses the inherent power, acting within its discretion, to strike the third party complaint when it "would impair unduly the exercising of the court's powers and functions." Conversely, the court may, in its discretion, hear the third party claim in conjunction with the original action, as contemplated by our third party practice statutes. However, we are unwilling to extend this discretion to the situation at bar where judgment is entered by agreement in the original cause without any like judgment disposing of the third party claim.

■■ While we have not been favorably disposed towards passing on to the legislature those problems which properly address themselves to the judiciary for their solution, we have no doubt that the question of allowing or disallowing a severance in third party practice is a matter solely for the legislature's determination. Third party practice is unknown to the common law. Its paternity was assured in this state by legislative enactment. In that body's wise discretion, and for reasons best known to it, the legislature saw fit to pretermit those provisions for severance contained in Federal Rule 14(a), *supra*, though it substantially enacted the balance of that rule. From the foregoing, it seems clear that, in enacting these statutes, it was the intent of the legislature not to provide for severance and separate trial under third party practice in Alabama.

Finding no error in the trial court's judgment, the same should be affirmed.

Affirmed.

HEFLIN, C. J., and SIMPSON, COLEMAN, and McCALL, JJ., concur.